JAMES PERRY, plaintiff in error, vs. WILLIAM HOUSELEY, administrator, defendant in error.

1. When there is some evidence to sustain a verdict, and the Court below has refused a new trial, and no rule of law has been violated, this Court will not reverse the judgment.
2. Newly discovered evidence upon a point principally controverted on the first trial, and upon which the party moving for a new trial introduced evidence, is cumulative only, and not a good ground for a new trial.

Motion for new trial. Newly discovered evidence. Before Judge PARROTT. Murray Superior Court. April Term, 1869.

Perry's bill against Asher Houseley's intestate was filed in 1859, and answered by Asher before his death. Perry charged that in 1850, he and Asher verbally agreed to purchase and stand a certain jackass, in partnership, that Asher authorized him to make the purchase, and he did so; that feeling he had no authority to sign Asher's name to a note, he gave his

own two notes, for $187 50 each, intending that Asher should pay one of them; that he stood the jackass, at an expense of $50 00, made but $12 00 on him, and paid both notes; that Asher spoke of the jackass as theirs, after said purchase, that the jack died in the Spring 1857, and Asher refuses to pay his part of the purchase-money and expenses. He prayed for discovery and settlement.

Asher answered that he held a note on the owner of the animal for $85 00, and agreed to join Perry in the purchase at $375 00, provided they could get a certain man to stand the jackass at a mill, where he had stood, but not otherwise; that that person did not agree to keep him, and thus he and Perry parted, Perry knowing the foregoing fully and particularly; that after he heard Perry had bought the animal, supposing that Perry had bought him on joint account and given their joint note, he spoke of the animal as theirs; but that, after Perry had him some time, he told him, Asher, how well the jack was doing and Asher asked him, if he was to have a half interest in the jack, when Perry evaded the question; that he said nothing more about it, still holds his note on the owner of the animal, and did not feel bound as partner.

On the trial several witnesses testified to Asher's claiming an interest in the animal in 1857, before and after the death, and in, 1858. The defendant introduced no evidence, but said answer. The jury found for the defendant. Perry moved for a new trial upon the ground that the verdict was contrary to the evidence, the charge of the Court, etc., and because since the trial he had discovered a new witness, by whom he could prove that in the winter of 1857 Asher said he and Perry owned the jack in partnership, and that Perry was to keep him the first year and the next. With this were the usual affidavits as to ignorance of the facts before the trial etc. The Court refused a new trial, and that is assigned as error.

W. K. MOORE, for plaintiff in error.

D. A. WALKER, for defendant.

Perry *vs.* Houseley.

McCay, J.

1. Whilst we are not quite satisfied with the verdict of the jury in this case, yet as the Judge below has not seen fit, in the discretion which the law gives him, to grant a new trial, we will not reverse his judgment. There, is certainly *some* evidence to support this verdict. The simple fact that Perry gave his *own* note for the jack is evidence, and, under the circumstances, evidence of some strength.

We incline to think that under the testimony the jury might well have concluded that each of these parties was playing fast and loose with the other until the death of the jack made it the decided interest of both to take up the line, on which they both so firmly determined to fight it out on the trial. We are not sure that Perry, whilst the jack was living and flourishing—with brilliant prospects of character and reputation—was at all ready to admit that the other was a partner. And we also feel pretty certain that the other was much more decidedly of opinion that he was not a partner *after* the jack's death than he was before. Both of them, we incline to think, have changed front since the death of the jack, and we will not disturb the verdict which the jury has rendered.

The main point of controversy on the trial was the partnership. Evidence was produced by both parties on that point. Especially did the complainant introduce such evidence. Two or three witnesses testified as to the defendant's admissions on this point. The newly discovered testimony is only another admission by the defendant; true it is at another time, and it suggests an explanation or denial of some of the statements in the answer on the subject. But at last, it is but another admission of the defendant bearing on the principal point controverted on the trial, and under the settled rule it is merely cumulative and is not a ground for a new trial: Graham & Waterman on New Trials, vol. 3, 1046 *et. seq.*

This rule is a necessary one. If parties were to have a new trial because they have found out a new witness to prove

the truth or untruth of the points upon which they have already been heard, there would be no end of litigation but the patience and purses of the litigants. The public has some rights, and the Courts are not called upon to hear and rehear, at the discretion of the parties. It is therefore the public policy of the country, that cumulative evidence is not a good ground for a new trial. As the mind of the parties was distinctly directed to the point, and evidence was heard upon it, the country will not open the case that *more* testimony may be heard upon the same point.

We therefore affirm the judgment. The jury had a right under the evidence to find as they did. Either of these parties has said enough to justify a verdict against him.

Judgment affirmed.