## 1197. HIXON v. CALLAWAY.

1. Where a judgment overruling a motion for a new trial is brought to this court, and the judgment is reversed and a new trial ordered, the judgment of this court is final only as to the questions decided. On the second trial all questions made by the original pleadings and by appropriate amendment thereto, not decided by this court on review, or

not inconsistent with the opinion rendered by this court in the case,. are still open for adjudication.

2. This court will not disturb the finding of the trial court, acting without the intervention of a jury, on a question of fact, where there is. some evidence to support the finding.

Rule, from city court of Washington—Judge Hardeman. April 20, 1908.

Argued July 16, 1908.—Decided January 27, 1909.

This was a rule brought against the sheriff, calling upon him to· show cause why he had not levied a fi. fa., placed in his hands, on certain personal property of the defendant, pointed out by the at-- torney for the plaintiff in fi. fa. On the first trial of the case· the respondent set up in defense a general denial of the allegations. contained in the petition for the rule, and also a special defense,. that the property of the defendant in fi. fa. was subject to a bill of sale which was superior to the lien of the movant's fi. fa. The· court found generally for the respondent, and the movant excepted. This court reversed the judgment of the lower court and ordered a new trial, on the sole ground that the fi. fa. was superior to the· bill of sale. 2 *Ga. App.* 678 (58 S. E. 1120). When the case was. called for the second trial in the lower court, and before the re-- mittitur of the Court of Appeals was made the judgment of the· lower court, the respondent in the rule offered an amendment to· his answer. The amendment was objected to by the plaintiff, on the ground that the facts set forth in the amendment had been passed upon by the Court of Appeals, and were therefore res. judicata. The court overruled the objection and allowed the· amendment. The plaintiff then filed a traverse to the answer as. amended, and, after hearing the evidence, the court found generally for the defendant and refused to make the rule absolute. Ex-- ceptions pendente lite were filed to the judgment allowing the· amendment to the answer, and a motion for a new trial was made· on the general grounds, and overruled; and error is assigned on. the exceptions pendente lite, and on the judgment refusing a new trial.

*J. W. Hixon, W. A. Slaton,* for plaintiff.

*William Wynne,* for defendant.

HILL, C. J. (After stating the foregoing facts.)

1. Where the judgment of the lower court is reversed and a new trial is granted, all the questions in the case, except those de--

cided by the Court of Appeals, remain open for examination on the second trial. Only the points decided by this court on review must be considered as settled on the second hearing. *Willingham* v. *Sterling Cycle Works,* 113 *Ga.* 953 (39 S. E. 314). In other words, a judgment of reversal is not a final judgment, except as to the questions ruled upon, and only remands the case to the lower court for further proceedings, or for another trial in accordance with the opinion of the reviewing court. Upon such new trial the lower court can try every question made in the original pleadings, or that may be made by proper amendment, not inconsistent with the judgment of the higher court rendered in the case. In this respect a judgment of reversal, granting a new trial, is different from a judgment of affirmance generally. *Swindell* v. *Bank,* 4 *Ga. App.* 414 (61 S. E. 847). Where the judgment of the lower court is affirmed generally and another trial refused, the judgment is conclusive between the same parties and their privies, as to all matters put in issue, or which, under the rules of law, might have been put in issue in the cause wherein the judgment was rendered. Civil Code, § 3742. The affirmance of the judgment ends the case. *Swindell* v. *Bank,* supra, and decisions cited.

When this case was before this court on the former writ of error, the judgment of the lower court, refusing to grant a new trial, was reversed on one question of law only, and no decision was made against the defendant in error as to the other questions in the record. These questions were, therefore, left open. On the second trial the defendant could rely upon the other defenses set up and not decided by this court, and could amend his answer and set up other defenses to the rule. The allegations of the amendment, if proved, constituted a good defense. There was conflict in the evidence as to the truth of the issue made by the traverse to the amended answer, but the court settled this conflict in favor of the defendant, and this court will not disturb the finding.

*Judgment affirmed.*