1555. HIGH COMPANY *v.* ADAMS EXPRESS COMPANY.

The judge of the city court having passed upon the facts by consent, and a finding contrary to his judgment not being demanded by the law and evidence, an affirmance of the judgment results.

Attachment, from city court of Atlanta—Judge Reid. November 28, 1908.

Argued January 27,—Decided March 23, 1909.

The J. M. High Company sued the Adams Express Company for the loss of a package containing five pieces of silk, of the approximate value of $275, shipped to them from a dealer in New York City, and lost by the carrier. The case was, by consent, tried before the judge of the city court on an agreed statement of facts, and he found in favor of the plaintiff the sum of $50, which was tendered by the defendant in the answer. It appears, from the agreed statement of facts, that the shipper delivered to the express company a package containing the silk, the value of which was unknown to the carrier. The shipper made out the express receipt, in which the only description of the goods was "one package, five pieces silk, 59 pounds, valued at........" This receipt was upon the familiar form in general use by express companies, in which it is stated, in substance, in a variety of phraseology in different places throughout the instrument, that charges are based on value, and that, where no value is given, it is understood that the goods do not exceed $50 in value. The goods were really worth the sum sued for, and were lost by the defendant before the package left New York.

*Smith & Haslings,* for plaintiff.

*King, Spalding & Little,* for defendant.

POWELL, J. (After stating the foregoing facts.)

The case having been submitted to the judge without the intervention of a jury, on an agreed statement of facts, the only question before this court is whether a verdict for a sum greater than $50 in favor of the plaintiff was demanded by the evidence. We can not say that it is. It is stipulated that the express company did not know of the value of the contents of the package, and. no valuation was given by the shipper. In the light of the general description of the nature of the contents of the package, contained in the receipt, the case does not fall directly within the rule in the *Everett* case, 37 *Ga.* 688, 46 *Ga.* 303, and in the other cases, cited as authority in *Southern Express Co.* v. *Pope,* ante, 689 (63 S. E. 809), in which it is held, as a matter of law, that the carrier is discharged by the constructive fraud arising from the shipper's failure to reveal the value of the property. It was, however, an issuable question of fact whether the preparation of the receipt by the shipper, under its particular terms and phraseology, and the delivery of the package to the carrier without any statement as to its value, and the apparent attempt to get it carried at a less rate than would have been the proper charge in the event the real value had been disclosed, did not amount to a fraudulent imposition upon the carrier. This being so, a verdict in favor of the plaintiff was not demanded. The proposition asserted by able counsel for the plaintiff, that the tender of the $50 estops the defendant from asserting this defense in this form, since the effect of the fraud of the shipper is not merely to reduce the right of recovery to the sum stipulated in the receipt, but to absolve the carrier wholly from liability, is fallacious. The fact that it might not have been necessary for the defendant to have tendered anything, and that a judgment against it for $50 is theoretically incorrect, does not help the plaintiff in this court, as the burden rests on the plaintiff of showing not merely that the judgment actually rendered was erroneous, but that a verdict for a greater sum is demanded.        *Judgment affirmed.*