### 8025.    JOHNSON *v.* PACIFIC FIRE INSURANCE COMPANY.

BROYLES, P. J.   1.   The policy of fire insurance upon personal property on which the suit was based contained the following stipulation:   "This entire policy, unless otherwise provided by agreement endorsed hereon or added hereto, shall be void . . . if the subject of insurance be personal property and be or become incumbered by a chattel mortgage." The petition as amended showing upon its face that the personalty covered by the contract of insurance was so incumbered at the time the policy was issued, and it not being alleged that the insurance company knew of this incumbrance, or that it had, by endorsement on the policy or by addition thereto, abrogated or waived the stipulation mentioned, the court properly dismissed the petition on oral demurrer. *Alston* v. *Phenix Insurance Co.,* 100 *Ga.* 287 (27 S. E. 981); *Hartford Fire Insurance Co.* v. *Liddell,* 130 *Ga.* 8 (60 S. E. 104, 14 L. R. A. (N. S.) 168, 124 Am. St. R. 157).   See also *Finleyson* v. *Liverpool &c. Ins. Co.,* 16 *Ga. App.* 51 (84 S. E. 311) ; *Nowell* v. *British-American Assurance Co.,* 17 *Ga. App.* 46 (85 S. E. 498) ; *Liverpool &c. Ins. Co.* v. *Hughes,* 145 *Ga.* 716 (89 S. E. 817).

(a) This ruling is not in conflict with section 2484 of the Civil Code, which reads as follows: "An alienation of the property insured, and a transfer of the policy, without the consent of the insurer, voids it; but the mere hypothecation of the policy, or creating a lien on the property, does not void." This section, when properly construed, means that the mere act in itself of creating a lien on the property insured does not avoid the policy. It does not mean that the policy can not be avoided by the creation of a lien on the property insured *where there is an express stipulation in the policy itself that such an act will void it*. Neither is our ruling in conflict with the decision in *Clay* v. *Phœnix Insurance Co.*, 97 *Ga.* 44 (25 S. E. 417); for there the insurance company, through its agent, knew that the property was mortgaged when the policy was issued, but nevertheless issued the policy and accepted the premiums therefor; and the Supreme Court held that by such conduct the insurance company was estopped from pleading a forfeiture of the policy under the stipulations therein.

2. The ruling made in the preceding paragraph being controlling, it is unnecessary to consider other questions in the case.

*Judgment affirmed. Jenkins and Bloodworth, JJ., concur.*

DECIDED APRIL 4, 1917.

Action on insurance policy; from city court of Hall county— Judge Wheeler. November 20, 1916.

*Joseph G. Collins, Luther Roberts,* for plaintiff.

*Smith, Hammond & Smith, W. A. Charters,* for defendant.