### 12505. ANDERSON *v.* ANDERSON.

HILL, J. 1. In applications for partition of " lands and tenements in this State the party applying for the writ of partition shall give to the other parties concerned at least twenty days' notice of his intention to make application." No other process is necessary than this statutory notice in order to bring the respondent into court to meet the application. Civil Code (1910), § 5360; *Cock* v. *Callaway,* 141 *Ga.* 781 (82 S. E. 286).

2. In statutory procedure for partition of lands and tenements in this State, in so far as the application is concerned, it is only necessary that the " application shall be made by petition, setting forth plainly and distinctly the facts and circumstances of the case, describing the premises to be partitioned, and defining the share and interest of each of the parties therein." Civil Code (1910), § 5358. The petition in the instant case complies fully with these essentials, and the demurrers thereto were properly overruled.

33.

3. "Whenever application is made for partition of lands and tenements, and either of the parties in interest shall make it satisfactorily appear to the court that a fair and equitable division of the lands and tenements cannot be made by means of metes and bounds, . . or that the value of the entire lands and tenements will be depreciated by the partition, . . the court shall order a sale of such premises." Civil Code (1910), §§ 5365, 5366. A petition, otherwise complying with the statutory requirements, which alleges that on account of improvements a fair and equitable division could not be made by means of metes and bounds, and that to do so would cause the value of the entire lands and tenements to depreciate, and therefore praying for a sale and division of the proceeds, constitutes in substance and effect a petition for the partition of lands and tenements. A partition of the proceeds of the sale of the lands and tenements is in all essential particulars a partition of the lands and tenements, and it is immaterial whether the applicant prays for a partition by sale or a partition by metes and bounds. In an application in either form and with either prayer the issues are the same.

4. Testimony as to value of property is opinion evidence, and is entitled to weight in proportion to the intelligence, experience, information, and character of the witness. Its probative value is entirely for the judgment and decision of the trior (whether judge or jury), who may form his own conclusion and rely upon his opinion, irrespective of the evidence of the witnesses, provided that in the facts admitted there is enough to enable the trior to form an opinion. On the question as to the value of lands and tenements, arising on the hearing of an application for partition either by a sale or by means of metes and bounds, when the physical topography and construction of the lands and tenements are in evidence, along with opinions of the value of the premises as a whole or in division, the trial judge can form his own opinion and order a sale or division by means of metes and bounds, as in his opinion will be to the best pecuniary interests of those concerned. Civil Code (1910), § 5875; *Baker* v. *Richmond City Mill Works,* 105 *Ga.* 225 (31 S. E. 426); *Mitchell* v. *State,* 6 *Ga. App.* 558 (65 S. E. 326); *Choice* v. *State,* 31 *Ga.* 425.

5. On the hearing by the court of an application for partition of lands and tenements, either by sale or by metes and bounds, where only two parties owned the property, and one tendered, for the purpose of its being made a part of the record, a written guaranty, secured by collateral, that in case of a sale of the property as a whole, he would give a certain sum for it, and, over the objection of counsel that it was not evidence and without probative value, the judge considered the instrument and made it a part of his judgment, and a lien on the interest of the guarantor was created thereby to secure its payment, this, in view of the wide discretion which the statute lodges in the trial courts in the partition of lands and tenements, was not harmful error, if error at all. It might have been regarded as opinion evidence of the offerer or guarantor, as to the value of the property when sold as a whole. Whether this be true or not, the acceptance and consideration of the instrument was immaterial, as the judgment of the court is expressly based on the "evidence" that it was for the pecuniary interest of both parties that the property be sold.

6. Joint owners of land are entitled to have partition in kind, each to have his share allotted to him in severalty, unless this right be waived. Whether in equity or under the statutes, the court has no right to decree or order a sale of lands and tenements without consent, unless it finds two concurring conditions: (1) that partition in kind cannot be conveniently made, and (2) that the interest of the parties owning the land will be promoted by a sale. Partition in kind is the rule, and should be followed if it can be done without pecuniary damage. Sentimental considerations should have great weight, especially in the preservation of the home, but pecuniary interests should be the determining factor. *Tucker* v. *Parks*, 70 *Ga.* 414; Croston *v.* Male, 56 W. Va. 205, 49 S. E. 136 (107 Am. St. R. 918); Clason *v.* Clason, 6 Paige (N. Y.), 541.

6. An adjudication by a trial court, after hearing the evidence, that the conditions require a sale on a petition for partition, and that the lands and tenements in question cannot be partitioned by means of metes and bounds without depreciation in value, is entitled to great weight. Unless such a decision is wholly without evidence to support it, or the result of an erroneous view of the law, this court is powerless to interfere. Civil Code (1910), §§ 5368, 6502, 6103; *High Co.* v. *Adams Co.*, 5 *Ga. App.* 863 (63 S. E. 1125); *Hixon* v. *Callaway*, 5 *Ga. App.* 416 (2) (63 S. E. 518).

> *Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*
> DECIDED OCTOBER 24, 1921.

Petition to sell lands for division; from Bibb superior court — Judge Mathews. August 28, 1920.

Application for certiorari was denied by the Supreme Court.

*Hall, Grice & Bloch,* for plaintiff in error.

*John R. L. Smith, Grady C. Harris,* contra.