### 13071, 13072.  SMYLY *v.* GLOBE & RUTGERS FIRE INSURANCE COMPANY; and *vice versa.*

1. "Conditions and stipulations printed on the back of a fire-insurance policy and not mentioned or referred to on the face of the policy are not part of the policy or binding on the assured." Burbank *v.* Pioneer Mutual Ins. Association, 60 Wash. 253 (110 Pac. 1005). See also 1 Cooley's Briefs on the Law of Insurance, 641; 14 Ruling Case Law, 933, § 107; Wilstach *v.* Heyd, 122 Ind. 574 (23 N. E. 963 (3)). Under this ruling and the facts of the instant case the court did not err in rejecting as evidence the matter printed on the back of the policy; as nowhere preceding the signature of the officers who signed the policy in behalf of the company, and nowhere on the face of the policy itself, was there any reference whatever to the provisions, conditions, and stipulations printed on the back thereof, and nothing to identify them and make them a part of the policy.
2. Conceding, but not deciding, that the mortgage executed by the assured (a minor) was a valid and enforceable contract, the warranty by the assured that the property was not mortgaged, when in fact it was, did not render the policy of insurance void, since there was no express stipulation in the policy itself that such an untrue warranty would void it. Johnson *v.* Pacific Fire Ins. Co., 19 Ga. App. 675 (91 S. E. 1067); German American Life Asso. *v.* Farley, 102 Ga. 720, 736 (29 S. E. 615); Civil Code (1910) § 2484. Under this ruling the finding in favor of the defendant was unauthorized, and the court erred in overruling the motion for new trial. (BLOODWORTH, J., dissents.)

DECIDED JULY 13, 1922.

Action on insurance policy; from city court of Macon — Judge Gunn. November 4, 1921.

Application for certiorari was denied by the Supreme Court.

*Walter Defore, James C. Estes,* for plaintiff.
*Robert G. Plunkett,* for defendant.

BLOODWORTH, J. Smyly, a minor, procured an insurance policy on an automobile in the Globe & Rutgers Fire Insurance Company. The automobile was destroyed by fire; and Smyly, by next friend, sued on the policy. The defendant denied liability. The case was submitted to the judge without the intervention of a jury, and he rendered judgment in favor of the defendant. The plaintiff filed a motion for a new trial, which was overruled, and he excepted. The defendant filed a cross-bill of exceptions in which it complained that the court rejected as evidence certain matter printed on the back of the policy. It is necessary for this court to consider two questions only: the one raised by the cross-bill of exceptions and the other by the main bill.

1. The question raised by the cross-bill of exceptions is settled in the 1st headnote, in which all the Judges concur, and which needs no elaboration.

2. The writer cannot concur in the conclusion reached by a majority of the court as announced in the 2d headnote. This case was submitted to the judge without the intervention of a jury. In *Anderson* v. *Anderson, 27 Ga. App.* 513, 515 (6) (108 S. E. 907), it was held: " Unless such a decision is wholly without evidence to support it, or the result of an erroneous view of the law, this court is powerless to interfere. Civil Code (1910), §§ 5368, 6502, 6103; *High Co.* v. *Adams Co., 5 Ga. App.* 863 (63 S. E. 1125); *Hixon* v. *Calloway, 5 Ga. App.* 416 (2) (63 S. E. 518)." In the opinion of the writer, the judgment in this case was not the result of an erroneous view of the law; there is some evidence to support it, and the motion for a new trial was properly overruled. In the face of the policy sued on, and under the word " warranties," it is stipulated that " The following are statements of fact known to and warranted by the assured to be true, and this policy is issued by the company relying upon the truth thereof." (Then follow warranties 1 and 2, which are not material to the issues under consideration.) In warranty No. 3 it is stated that " The automobile described is fully paid for by the assured, and is not mortgaged or otherwise encumbered, except as follows: No exceptions." The record shows that the statement in the policy that the automobile is unincumbered is not true. In the agreed statement of facts which was submitted to the judge, who, without the intervention of a jury, tried the case, it is shown that prior

to the time the policy was written the insured had given a mortgage to the bank, " to secure the payment of six notes for the sum of $63.00 each made by him to the bank." The writer thinks that the " warranty " that there was no mortgage on the automobile at the time the policy was written was a material one. The policy states that the insurance was issued " relying upon the truth " of the warranties and " in consideration of the warranties and the premium hereinafter mentioned." Section 2480 of the Civil Code of 1910 is in part as follows: " Any verbal or written representations of fact by the assured to induce acceptance of the risk, if material, must be true, or the policy is void." The contract of insurance must be considered in connection with this section of the code, which becomes a part of the contract. · Under the express words of the policy the company acted upon these " warranties; " and this warranty being both untrue and material, the policy is void. See Civil Code (1910), §§ 2479, 2481, 2483; *Supreme Conclave Knights of Damon* v. *Wood,* 120 *Ga.* 328 (47 S. E. 940); *Northwestern Life Ins. Co.* v. *Montgomery,* 116 *Ga.* 799 (2); *Johnson* v. *Pacific Fire Ins. Co.,* 19 *Ga. App.* 675 (91 S. E. 1067).

*Judgment on main bill of exceptions reversed. Broyles, C. J., and Luke, J., concur. Bloodworth, J., dissents. Judgment on cross-bill affirmed. Broyles, C. J., and Luke and Bloodworth, JJ., concur.*