### 13488. COALSON COMPANY v. BURNEY.

" The judge of the city court having passed upon the facts by consent, and a finding contrary to his judgment not being demanded by the law and evidence, an affirmance of the judgment results."
                DECIDED OCTOBER 3, 1922.

Complaint; from Floyd superior court — Judge Wright. February 1, 1922.

*T. W. Lipscomb, Lamar Camp, L. A. Dean*, for plaintiff in error. *G. E. Maddox*, contra.

BLOODWORTH, J. Burney, a broker, made a contract with Coalson, a shoe dealer, by which he was to furnish him shoes for the trade. One paragraph of the contract between the parties was as follows: " To furnish on consignment, to said Coalson, to the amount of $5000.00, shoes and merchandise incident to the shoe business, of such kinds and characters as said Burney may be handling at the time when consigned. Said consigned shoes to be billed to said Coalson at factory prices, plus 10 per cent. Settlements to be made for the same weekly, and payments made for all consigned shoes sold during the preceding week." Another paragraph was: " Said Coalson agrees to sell said consigned shoes, and to settle with said Burney weekly for all of said shoes sold, at the prices billed to him, to wit: factory prices, plus ten per cent. The commission of said Coalson for selling or handling said consigned shoes being any excess that he may sell same for, over and above the factory prices and 10 per cent, as billed to him." After a course of dealing running through about three years, when the parties attempted to make a final settlement, they disagreed as to the construction of the words " factory prices," in the contract. As they could not agree, Burney brought suit,

and, after plea filed, the case was submitted to the judge to be determined without the intervention of a jury. The bill of exceptions recites that "it was agreed between the parties that plaintiff's account was an entire transaction from the beginning of their dealings as individuals, the corporation of S. P. Coalson Company taking the place of S. P. Coalson; that the account claimed by plaintiff is correct, so far as the amount of goods delivered is concerned; that the only question of difference is as to the price charged by plaintiff against the defendant, and that this question was the only issue for the court to pass upon; that the amount sued for is correct if the court should find the prices to be correct; that the burden is upon the plaintiff to prove the prices to be correct. It was admitted that the two copy contracts exhibited to plaintiff's petition are correct, and together make the contract between the parties with reference to the controversy involved in the issues to be passed on by the court. Counsel for defendant agreed that the plaintiff was entitle to recover of the defendant the amount sued for, with interest as claimed, except as to all bills rendered for shoes delivered direct from the factory to the defendant. As to these bills defendant insisted that the price charged was in excess of the prices provided by the terms of the written contract between the parties, in that plaintiff had failed to deduct the discount which he received from the factories before adding the ten per cent. to bills rendered defendant. The proof showed that this discount for cash off of the amount stated in the bills for future payment was an average of five and one half per cent. It was agreed that the total amounts of bills so rendered, including the ten per cent. added thereon, amounted, in the aggregate, to $24,-814.46. Plaintiff insisted that the ten per cent. profit should be calculated on the full amount of the bills as rendered by the factories, regardless of the right of discount therefrom for cash payment."

The words "factory prices," used in the contract, were ambiguous, the plaintiff insisting that they meant one thing, while the defendant insisted that they meant another. The proper construction of these words was left to the judge, "acting as judge and jury," and upon conflicting evidence he found in favor of the contention of the plaintiff and rendered judgment accord

ingly. There is evidence to support the finding, and we cannot say that the judgment is the result of an erroneous view of the law; consequently this court is powerless to interfere. In *Hixon* v. *Callaway*, 5 *Ga. App.* 416 (2) (63 S. E. 518) it was held that "this court will not disturb the finding of the trial court, acting without the intervention of a jury, on a question of fact, where there is some evidence to support the finding." See also *High Company* v. *Adams Express Co.*, 5 *Ga. App.* 863 (63 S. E. 1125); *Anderson* v. *Anderson*, 27 *Ga. App.* 515 (6) (108 S. E. 907).

*Judgment affirmed.* *Broyles, C. J., and Luke, J., concur.*