GLOBE & RUTGERS FIRE INSURANCE CO. *v.* SMYLY.

1. The case comes to this court on certiorari assigning error on the judgment of the Court of Appeals. After careful consideration we have arrived at the conclusion that the verdict was supported by evidence, and that the trial judge did not err in overruling the motion for a new trial. It necessarily follows that the judgment of the Court of Appeals, which reversed the judgment of the trial court in overruling a motion for new trial based on the general grounds, was erroneous.
2. It is unnecessary to decide the assignment of error based on the judgment of the Court of Appeals affirming the judgment of the trial court, complained of in the cross-bill of exceptions, because the effect of the ruling made in the preceding headnote will be an affirmance by the Court of Appeals on the main bill of exceptions and a dismissal of the cross-bill of exceptions.

No. 3370. MAY 15, 1923.

Certiorari; from Court of Appeals. 28 *Ga. App.* 776.

Smyly sued on a policy of insurance, in the city court of Macon. The case was submitted to the court without a jury. The finding was in favor of the insurance company. A motion for new trial was overruled, and Smyly sued out a bill of exceptions. The insurance company also excepted, by cross-bill, to the judgment of the court rejecting as evidence the matter printed on the back of the policy. The Court of Appeals reversed the judgment of the trial court, complained of in the main bill of exceptions, and affirmed the judgment complained of in the cross-bill. 28 *Ga. App.* 776. The following facts were agreed upon: " Jack Smyly, a minor nineteen years of age, mortgaged his automobile to the Fourth National Bank of Macon, to secure the payment of six notes for the sum of $63 each, made by him to said bank. This mortgage was made on the 16th day of January, 1920. On the 21st of April, 1920, Jack Smyly obtained an insurance policy to an amount of $900, from the defendant company, covering the said automobile which was mortgaged to the Fourth National Bank of Macon, for which he paid the insurance company a premium of $49.50. On the 29th day of June, 1920, while said policy was in force said automobile was destroyed by fire while being driven on one of the highways of Bibb County, Georgia; the loss by fire being total, and amounting to more or as much as the full amount of the insurance policy. The insured filed with the insurance company the necessary proofs. The insurance company refused payment of the loss. Jack Smyly did not, at any

time prior to the fire, inform the insurance company that he was a minor. The mortgage given by the said Smyly to the Fourth National Bank was paid in full, both principal and interest, by Jack Smyly after said automobile had been destroyed by fire, and after he had notified the defendant insurance company of the loss. The insurance policy was delivered promptly to Jack Smyly, and was accepted by him and remained in his possession from the time it was issued until the date of the trial of this case. There was no written application made for said insurance, the only application being the verbal application by Jack Smyly to Hugh Cotton, the local agent of the insurance company." On the trial the insurance company offered in evidence the policy of insurance, the parts of the face of which, necessary to be stated, are as follows: " In consideration of the warranties and the premium hereinafter mentioned [the insurance company] does insure [the automobile] . . Warranties: The following are statements of fact known to and warranted by the assured to be true, and this policy is issued by the company relying upon the truth thereof: . . The automobile described is fully paid for by the assured, and is not mortgaged or otherwise encumbered, except as follows: No exceptions." The agent of the insurance company, Cotton, who negotiated the insurance testified: " I wish to state that I particularly asked this question of Mr. Smyly, and he told me there was no mortgage on the car at all." The plaintiff testified: " I wish to state that Mr. Cotton is very much mistaken. . . I telephoned Mr. Cotton, telling him the value of the car, the description and motor number. I also told him from whom the car was bought. . . No mortgage or debt was mentioned and I did not think it was necessary for me to bring up same." Of the printed matter appearing on the back of the policy excluded by the court, the portions necessary to be stated are as follows: " It is a condition of this policy that it shall be null and void: . . (c) If the interest of the assured in the property be other than unconditional and sole ownership, or if the subject of this insurance be or become encumbered by any lien or mortgage except as stated in warranty No. 3 or otherwise endorsed hereon."

*R. G. Plunkett* and *Spalding, MacDougald & Sibley,* for plaintiff in error.

*Walter DeFore* and *James C. Estes,* contra.

GILBERT, J. The dissenting opinion of Judge Bloodworth in the case as decided by the Court of Appeals, 28 *Ga. App.* 776, in our opinion, is the correct view of the case, and states the evidence in the case and the law applicable thereto so clearly and convincingly that it is quoted with approval, without further comment, as follows: "In *Anderson* v. *Anderson,* 27 *Ga. App.* 513, 515 (6) (108 S. E. 907), it was held: 'Unless such a decision is wholly without evidence to support it, or the result of an erroneous view of the law, this court is powerless to interfere. Civil Code (1910), §§ 5368, 6502, 6103; *High Co.* v. *Adams Co.,* 5 *Ga. App.* 863 (63 S. E. 1125); *Hixon* v. *Calloway,* 5 *Ga. App.* 416 (2) (63 S. E. 518).' In the opinion of the writer, the judgment in this case was not the result of an erroneous view of the law; there is some evidence to support it, and the motion for a new trial was properly overruled. In the face of the policy sued on, and under the word 'warranties,' it is stipulated that 'The following are statements of fact known to and warranted by the assured to be true, and this policy is issued by the company relying upon the truth thereof.' (Then follow warranties 1 and 2, which are not material to the issues under consideration.) In warranty No. 3, it is stated that 'The automobile described is fully paid for by the assured, and is not mortgaged or otherwise encumbered, except as follows: No exceptions.' The record shows that the statement in the policy that the automobile is unincumbered is not true. In the agreed statement of facts which was submitted to the judge, who, without the intervention of a jury, tried the case, it is shown that prior to the time the policy was written the insured had given a mortgage to the bank, 'to secure the payment of six notes for the sum of $63.00 each made by him to the bank.' The writer thinks that the 'warranty' that there was no mortgage on the automobile at the time the policy was written was a material one. The policy states that the insurance was issued 'relying upon the truth' of the warranties and 'in consideration of the warranties and the premium hereinafter mentioned.' Section 2480 of the Civil Code of 1910 is in part as follows: 'Any verbal or written representations of fact by the assured to induce acceptance of the risk, if material, must be true, or the policy is void.' The contract of insurance must

be considered in connection with this section of the code, which becomes a part of the contract. Under the express words of the policy the company acted upon these 'warranties,' and this warranty being both untrue and material, the policy is void. See Civil Code (1910), §§ 2479, 2481, 2483; *Supreme Conclave Knights of Damon* v. *Wood*, 120 *Ga.* 328 (47 S. E. 940); *Northwestern Life Ins. Co.* v. *Montgomery*, 116 *Ga.* 799 (2) (43 S. E. 799); *Johnson* v. *Pacific Fire Ins. Co.*, 19 *Ga. App.* 675 (91 S. E. 1067)."

Accordingly the Court of Appeals should have affirmed the judgment excepted to in the main bill of exceptions and dismissed the cross bill of exceptions.

*Judgment reversed. All the Justices concur.*