*W. T. Revell,* contra.

---

15797.   BROWN *v.* GLOBE & RUTGERS FIRE INSURANCE CO., etc.

BLOODWORTH, J. 1. Suit was brought on a fire-insurance policy which on October 8, 1921, was issued to A, covering a certain automobile. Among the warranties in the policy was the following: "Purchased by the assured October, 1921, second hand actual cost including equipment $2300.00. The automobile described is fully paid for by the assured, and is not mortgaged or otherwise encumbered, except as follows: No exceptions." On April 6, 1922, A sold the automobile to H. S. Brown, and the following endorsement was entered on the policy: "The assured under the above numbered policy is now recognized as 'H. S. Brown,' and his occupation is % Mays Dry Cleaning Company. The assured paid $2300.00 for the car. All other conditions remaining unchanged." The policy was not otherwise transferred, but after this endorsement the insurance company recognized Brown as the insured. On the trial evidence was offered to show that *at the time of the foregoing endorsement* C, the agent of the insurance company, who wrote the policy originally, was informed that A owed a balance of the purchase price of the car to the concern from which he purchased it, and that C telephoned to the seller and ascertained the amount of this balance. This evidence was properly excluded. To allow it to go to the jury, as was said by Judge Luke in *Conyers* v. *Yorkshire Ins. Co. Ltd.*, 30 *Ga. App.* 8 (117 S. E. 95), "would be to change and alter by parol evidence the

unambiguous terms of the written contract of insurance." The petition alleged compliance with all the terms of the policy, and no waiver of any sort was pleaded.

2. The court did not err in granting a nonsuit. See *Globe & Rutgers Fire Ins. Co.* v. *Smyly,* 155 *Ga.* 547, 549 (117 S. E. 819).

Judgment affirmed. Broyles, C. J., and Luke, J., concur.

DECIDED DECEMBER 9, 1924. REHEARING DENIED JANUARY 14, 1925.

Action on insurance policy; from city court of Atlanta—Judge Reid. April 22, 1924.

Certiorari was granted by the Supreme Court.

*George & John L. Westmoreland,* for plaintiff.

*Smith, Hammond & Smith,* for defendant.