## 28613. HODGES v. HODGES.

JORDAN, Justice. This is an appeal from the judgment in a divorce and alimony proceeding.

Joan Hodges filed a petition for divorce in the Floyd County Superior Court on February 16, 1973, alleging cruel treatment. A trial was held without a jury on July 3, 1973, and on July 11, 1973, the trial court entered a judgment in favor of the appellee-wife. Incorporated in said judgment was, among other things, a lump sum alimony award in the amount of $2,000.

The defendant-husband made a motion for a new trial on general grounds, and further alleged that evidence submitted by the plaintiff regarding her income was inaccurate and as a result of said evidence the trial court was misled in establishing the amounts of support and alimony granted in the final decree. After a hearing on defendant's motion, in which documentary evidence was submitted in support thereof, the trial court made the following rulings: "The within matter coming on regularly

to be heard, it appearing that documentary evidence is consistent with evidence produced upon trial and upon motion of plaintiff, the within motion for new trial is hereby *dismissed." Held:*

1. The appellant complains that it was error for the trial court to grant a lump-sum alimony award to the appellee, in that such awards are violative of the equal protection clause of both the Federal and State Constitutions. This enumeration of error is not meritorious. It is clear from the record that the appellant did not raise this constitutional question in the trial court, and it will not be reviewed here. *Galfas v. Ailor,* 206 Ga. 76 (55 SE2d 582); *Stone v. State,* 202 Ga. 203 (42 SE2d 727).

2. The appellant also complains that the trial court erred in dismissing his motion rather than granting or denying it. It appears from the record that a hearing was held on appellant's motion for new trial, and that the effect of the trial court's ruling was to deny said motion. The use of the language "dismissed" was merely an inadvertent use of words.

*Judgment affirmed. All the Justices concur.*

SUBMITTED JANUARY 25, 1974 — DECIDED MARCH 7, 1974.

*Richard J. MacLeod, Jones & Robbins, James A. Robbins, Jr.* for appellant.

*Harl Duffey,* for appellee.