## 57463. KAPLAN v. CLARK COMPANY, INC.

QUILLIAN, Presiding Judge.

The defendant appeals from a judgment for the plaintiff in a suit on a lease contract. The trial judge, sitting without a jury, found the plaintiff entitled to recover $12,500 less $2,500 diminution of damages for the plaintiff's failure to repair the roof of the subject premises. *Held:*

1. (a) The defendant argues that the evidence required a finding for the defendant in a greater amount than $2,500 for diminution and reduction of the total rent due. This contention is predicated on opinion testimony offered by the defendant as to what the rented premises were worth in their described condition.

Testimony of the value of property being in the nature of opinion testimony, its probative value is entirely for the judgment and decision of the trier of fact (whether judge or jury), who may form his own conclusion. *Anderson v. Anderson,* 27 Ga. App. 513 (4) (108 SE 907); *Central of Ga. R. Co. v. Cowart & Son,* 38 Ga. App. 426 (2) (144 SE 213). Here the defendant proffered photographs showing the premises. The trial judge was authorized to disregard the testimony of value and form his own opinion based on the data furnished. *Youngblood v. Ruis,* 96 Ga. App. 290, 298 (99 SE2d 714). Further, as held in *Hogan v. Olivera,* 141 Ga. App. 399, 402 (233 SE2d 428), "Jurors are not absolutely bound to accept as correct the opinions of witnesses as to value of property, *though uncontradicted by other testimony,* but have the right to consider the

nature of the property involved, together with any other facts or circumstances properly within the knowledge of the jury which throws light upon the question, and by their verdict, *may fix either a lower or higher value upon the property than that stated in the opinions and estimates of the witnesses.*" Accord, *Hay v. Carter,* 91 Ga. App. 540, 541 (86 SE2d 532); *Hoard v. Wiley,* 113 Ga. App. 328, 334 (3) (147 SE2d 782).

(b) The evidence sustained the judgment rendered.

2. "Newly discovered evidence upon a point principally controverted on the first trial, and upon which the party moving for a new trial introduced evidence, is cumulative only, and not a good ground for a new trial." *Perry v. Houseley,* 40 Ga. 657 (2). Accord, *McKinnon v. Henderson,* 145 Ga. 373 (3) (89 SE 415).

*Judgment affirmed. Smith and Birdsong, JJ., concur.*

Submitted March 13, 1979 — Decided April 9, 1979 — Rehearing denied May 3, 1979.

*Flournoy, Evans & Mize, Charles A. Evans,* for appellant.

*Macey & Zusmann, Dennis M. Hall,* for appellee.