## 59982. FOUR OAKS PROPERTIES, INC. v. CARUSI et al.

SMITH, Judge.

Appellant asserts that the trial court erred in upholding a jury verdict in which appellees were awarded compensatory and punitive damages on their claim for breach of contract and fraud. We affirm.

The jury was authorized to find as follows: Appellees purchased a home from appellant. The home was not complete at the time the contract of sale was signed. The contract provided in part that "house is to be in turn-key, move-in, broom-clean condition and will be completely landscaped in a manner similar to other new homes in the subdivision." This provision of the contract had not been met at the time of closing. Appellees informed their agent that, until the work was completed, they refused to close the sale. However, the agent persuaded them to attend the closing. At this time, appellees presented appellant a lengthy "punch list" of items that required further attention. Appellant, in turn, promised that the work would be completed within two weeks. The sale was completed; the work was not.

Appellees brought this action and recovered $1,500 compensatory damages and $3,500 punitive damages.

1. Appellant contends that punitive damages cannot be recovered. See Code § 20-1405. We disagree.

(a) At the close of the trial, the trial court permitted an amendment to the complaint alleging "fraudulent and deceitful" acts and representations in inducing appellees to enter into the contract of sale. Appellant contends that this was appellees' first attempt to inject the issue of fraud into the case and, thus, the amendment was untimely. However, the record does not support appellant's position. The original complaint prayed for $5,000 punitive damages for the "*wilful misrepresentations* to Plaintiffs." (Emphasis supplied.) Moreover, evidence relevant to the issue of fraud was presented without objection during the trial of the case. See CPA § 115(b) (Code Ann. § 81A-115 (b)); *Grizzard v. Petkas,* 146 Ga. App. 318, 320 (246 SE2d 375) (1978). In view of this fact and the statutory command that "leave [to amend] shall be freely given when justice so requires" (CPA § 115(a) (Code Ann. § 81A-115 (a)), we conclude that the trial court did not err in allowing the amendment.

(b) The evidence was clearly sufficient to support the award of punitive damages. See *Jenkins v. Gulf States Mtg. Co.,* 138 Ga. App. 835, 838 (227 SE2d 522) (1976).

"While fraud cannot generally be based on instances of misrepresentations as to future events, it may consist of such instances if, when the misrepresentation is made, the defendant

knows that the future event will not take place. *Hill v. Stewart,* 93 Ga. App. 792 (92 SE2d 829)." *Hayes v. Hallmark Apts.,* 232 Ga. 307, 308 (207 SE2d 197) (1974); *Floyd v. Morgan,* 62 Ga. App. 711 (9 SE2d 717) (1940). The evidence showed that promises had been made at the time the sales contract was signed, that these promises were reiterated immediately prior to closing to induce appellees to complete the sale, that appellants failed to perform, except when threatened with litigation, and that appellant's limited performance was wholly inadequate. Under the evidence, the jury was authorized to find that appellant's misrepresentations were part of a fraudulent scheme. See *McCravy v. McCravy,* 244 Ga. 336, 337-338 (260 SE2d 52) (1979).

2. Appellant contends appellees are precluded from recovery because the terms of the sales contract did not survive the closing. This contention is meritless inasmuch as appellant did not raise the question of merger at trial. "A party cannot remain quiescent, and then seek a reversal on a question not raised in the lower court." *Cowart v. Ga. Hospital Serv. Assn.,* 135 Ga. App. 45, 46 (217 SE2d 379) (1975); *Hodges v. Hodges,* 231 Ga. 810 (204 SE2d 291) (1974).

3. Appellant asserts that appellees failed to prove actual damages. See *Holder v. J. F. Kearley, Inc.,* 153 Ga. App. 843, 846 (267 SE2d 266) (1980). In our view, the evidence offered by appellees was sufficient to establish actual damages in the amount awarded by the jury.

"The proper measure of damages for the plaintiff's claim was the difference in the value of the house before and after the agreed corrective actions which the seller failed to make, and evidence of this difference could be shown by evidence of the reasonable cost of these corrective actions. *Wilson v. Black,* 114 Ga. App. 735 (152 SE2d 755)." *Colbert Co. v. Newsom,* 125 Ga. App. 571, 572-573 (188 SE2d 266) (1972); *Mabry v. Henley,* 123 Ga. App. 561 (181 SE2d 884) (1971).

In order to establish actual damages, appellees took the stand and testified as to the estimated cost of landscaping and making the requested repairs. Appellee Gloria Carusi testified that the landscaping would cost between $900 and $1,000 and that the cost of repair would raise the total cost to between $1,200 and $1,300. Mrs. Carusi testified that she was able to form a correct opinion as to the cost of the landscaping and repairs. On cross-examination, Mrs. Carusi stated that her opinion was derived from the estimates provided by two experts (a professional landscaper and a professional contractor) who had observed the premises. The experts gave their estimates to Mrs. Carusi's husband, who related them to her. Following this testimony, Mr. Carusi took the stand and adopted in

toto the testimony outlined above. Both Mr. and Mrs. Carusi were familiar with the premises. Appellant raised no objection to the testimony when it was offered.

Appellant contends that, since appellees' opinions were based upon hearsay, they were without probative value. Appellees' testimony, in the form of an estimate, was a matter of opinion. Compare *Arkansas Fuel Oil Co. v. Andrews Point Co.*, 64 Ga. App. 595, 598 (13 SE2d 738) (1941). "Where the question under examination, and to be decided by the jury, shall be one of opinion, any witness may swear to his opinion or belief, giving his reasons therefor . . ." Code § 38-1708. Appellees' testimony, closely analogous to testimony regarding the market value of property, "is not to be excluded merely because the valuation fixed by the witness as a matter of opinion depends upon hearsay . . ." *Powers v. Powers,* 213 Ga. 461, 462 (2) (99 SE2d 818) (1957). Appellees, though non-experts, could offer their opinions inasmuch as they provided the reasons therefor and had an opportunity to form a correct opinion. See *Toney v. Johns,* 153 Ga. App. 880, 881 (267 SE2d 298) (1980). The fact that the opinions were based upon hearsay goes merely to their weight and not their admissibility. See *Gibbs v. Clay,* 137 Ga. App. 381, 382 (224 SE2d 46) (1976); *Dept. of Transp. v. Brand,* 149 Ga. App. 547, 548 (254 SE2d 873) (1979).

Appellees' testimony regarding the cost of landscaping and repairs was supplemented by a detailed list of items requiring further attention, as well as photographic evidence exhibiting the condition of the premises. The jury, in reaching its verdict, was not absolutely bound by appellees' testimony, but could consider the nature of the property involved, the type of labor and materials needed to suitably complete the residence, and other facts and circumstances properly within their knowledge. *Kaplan v. Clark Co.,* 149 Ga. App. 780 (256 SE2d 55) (1979). "[T]he verdict reached is not so disparate as to justify an inference of gross mistake or undue bias." *Dept. of Transp. v. Driggers,* 150 Ga. App. 270, 274 (257 SE2d 294) (1979).

*Judgment affirmed. McMurray, P. J., and Banke, J., concur.*

SUBMITTED JUNE 5, 1980 — DECIDED NOVEMBER 13, 1980.

*Robert Strickland, Jr.,* for appellant.
*Robert C. Dotson,* for appellees.