73547. LONG et al. v. MARION.
(355 SE2d 711)

BEASLEY, Judge.

Appellants Long and Import Performance Centre, Ltd., brought an action against appellee Marion seeking to recover a sum owed under an agreement to repair appellee's 1953 Bentley automobile (Count 1). The complaint also contained Counts (2 through 4) for false arrest and imprisonment, trespass and to recover punitive damages. Appellee's answer denied the material averments of the complaint and also set forth a three-count counterclaim. Count 1 alleged appellants breached the contract to repair appellee's Bentley. Count 2 was in the nature of trover (conversion) and sought recovery of certain automobile parts alleged to be in appellants' possession. Count 3 alleged misrepresentations as to the services appellants would provide, and also violation of the Fair Business Practices Act. The counterclaim prayed for $5,770 for breach of contract; return of appellee's parts to him; punitive damages for appellants' intentional torts of conversion, fraud and deceit; treble damages and attorney fees.

Appellant Ferretti had been mentioned in Count 1 of the counterclaim but was not named as a defendant. Appellee moved to amend his counterclaim to include Ferretti as a defendant and also to make him a party. An order was subsequently entered permitting Ferretti's addition as a party and directing that he be served. This was accomplished (although the legality of the service is one of the questions on appeal) and Ferretti filed an answer which recited: "Now comes William Ferretti having been improperly served with insufficient copies, and duly searching the clerks office for the superior court on the 18th day of March, 1985 was unable to locate documents joining same and files an answer and defenses to pleadings against Robert Long and Import Performance Centre, Ltd. to which attorney Robert Lipman, counsel for the plaintiff alleges William Ferretti has been joined." His second defense was: "This court lacks personal jurisdic-

tion over this defendant due to improper service."

Ferretti's attack on service was not a part of the pretrial order which was subsequently entered on December 13, 1985. After discovery the case was tried before a jury. The issues as to Counts 2 through 4 of appellants' complaint were eliminated and the remaining issues were submitted to the jury by special verdict. The findings on the basic issue are here summarized. Appellee did not breach the contract, but appellants did, for which $3,800 was awarded. Appellants were guilty of fraud for which $6,000 was awarded. Appellee was entitled to recover his automobile parts. Appellants did not violate the Georgia Fair Business Practice Act. Litigation expenses were awarded to appellee in the amount of $17,000. Punitive[1] damages for $20,000 were imposed on Long and Ferretti.

Appellants' motion for new trial was overruled and this appeal followed.

1. Ferretti contends that he was illegally served by an unauthorized individual and that he was not served with all the pleadings, particularly with a copy of the amended counterclaim. Ferretti's argument as to ineffective service is predicated on the fact that he was served by an individual who was an employee of the person formally appointed by the court to serve Ferretti. He relies on *Townsend v. Williams*, 170 Ga. App. 766 (318 SE2d 510) (1984) where we held that purported service by one not specially appointed by the court was without effect.

We do not reach this issue, however, since insofar as the record reveals it was not raised in the trial court. As pointed out in our statement of facts the only basis for lack of service contained in Ferretti's answer was that he was served with insufficient copies. While he might have enlarged his attack that the court lacked personal jurisdiction due to improper service by adding the basis he now urges on appeal, the record is devoid of a showing that he did so. According to a colloquy which took place at the close of the evidence, Ferretti did raise an issue whether he was correctly served "at the time the jury was coming in"; the ground was not stated and it may have been the insufficient-copies ground, which was the only one specified in the proceedings. The trial judge overruled the objection on the ground that it came too late. The record is silent as to Ferretti having attempted to contend that service was accomplished by one without authority to do so.

"Grounds which may be considered on appeal are limited to those which were urged before the trial court." *Harrison v. Lawhorne,*

---

[1] The term aggravated damage is preferable and will be used in this opinion. *Community Fed. &c. Assn. v. Foster Developers*, 179 Ga. App. 861, 862 fn. 1 (348 SE2d 326) (1986).

130 Ga. App. 314, 318 (5) (203 SE2d 292) (1973). Also, the reviewing court will not impute a determination to the trial court which the record does not suggest. *Georgia Power Co. v. Harrison*, 253 Ga. 212, 215 (2) (318 SE2d 306) (1984). Thus, the only ground remaining concerns the failure to serve Ferretti with all the pleadings.

Where actual notice of a suit has been received by a defendant, no technical or formal objection should invalidate process. *Brim v. Pruitt*, 178 Ga. App. 321, 324 (342 SE2d 690) (1986). In the circumstances here, even if all the pleadings were not originally given Ferretti at the time he was served, he had ample time to be thoroughly apprised of the claims against him and their rationale. Moreover, the issue as to service was not included in the papers comprising the pretrial order. In *Georgia Power Co. v. O'Bryant*, 169 Ga. App. 491, 493 (313 SE2d 709) (1984), where this court found defendant had waived its insufficiency of service of process defense it was held: "The linchpin of our conclusion is appellant's failure to make any mention whatsoever of its service of process defense in the pretrial order in this case."

We find no demonstrable error in the trial court's refusal to sustain the attack on service.

2. Appellants contend the trial court erred in permitting them to be extensively cross-examined regarding their financial condition.

At the beginning of Ferretti's cross-examination he was asked for an opinion of the value of his home. Objection was interposed on the ground the line of questioning was inadmissible and irrelevant "because no attempt of willful fraud has been proven." That objection was overruled and no further objection was interposed to Ferretti's continued testimony as to his finances. During cross-examination, Long was asked what his salary was. Before a response was given, counsel began a motion to withhold ruling on admission of the evidence until the court ruled on the sufficiency of evidence relating to bad faith or fraud. However, no ruling was made on the motion and the hearing, out of the jury's presence, evolved into a hearing on motions for directed verdict. Afterward, Long's finances were explored by a series of questions to which there was no objection.

Appellants now argue their finances were not admissible where recovery was sought for aggravated damages under OCGA § 51-12-5 citing *Bob Maddox Dodge v. McKie*, 155 Ga. App. 263, 264 (3) (270 SE2d 690) (1980), but their argument is confined to the bounds of their trial objections. We cannot consider grounds raised for the first time on appeal. *Steverson v. Hosp. Auth. of Ware County*, 129 Ga. App. 510, 513 (21) (199 SE2d 881) (1973); *Holiday Homes v. Bragg*, 132 Ga. App. 594, 597 (4) (208 SE2d 608) (1974). Conversely, where the basis urged on trial is neither enumerated as error or argued, it must be treated as abandoned. *Smith v. State*, 153 Ga. App. 862, 865

(5) (267 SE2d 289) (1980).

3. During the course of the instruction to the jury as to legal principles regarding fraud, the trial judge explained that one had to exercise diligence to ascertain the facts for himself, unless the jury found a confidential relationship existed. He then charged the statutory provisions concerning confidential relations (OCGA §§ 23-2-58 and 59). These were all correct statements of the law and there is no issue as to that. However, counsel for appellants did object because he thought "the confidential relationship aspect" was not involved in the case.

Normally, reading of statutory provisions, parts of which are applicable and parts of which are not, is not grounds for reversal where it does not appear that the inapplicable part was calculated to mislead the jury, erroneously affected the verdict or was prejudicial to the rights of the complaining party. *Southern R. Co. v. Heaton*, 61 Ga. App. 386, 387 (12) (6 SE2d 339) (1939); *Atlanta, Birmingham &c. R. Co. v. Patterson*, 75 Ga. App. 189, 195 (43 SE2d 177) (1947). See also *Perry v. State*, 1 Ga. App. 542 (1) (58 SE 60) (1907).

While we are inclined to agree that there was no issue of confidential relationship in this case, giving the definition and application of the term was not calculated to mislead the jury as to the true issues. Insofar as we have been apprised of nothing to indicate any contention or assertion that such relationship existed, we find that the charge was not harmful or prejudicial to appellants. While not condoning its use in this case, the charge as given served the purpose of clarifying to the jury the meaning of the term as used in the preceding portion of the instruction and would tend to show that there was no element of that relationship in the case.

We find that the instruction complained of could not have influenced the verdict against the complaining parties. See *Rentz v. Collins*, 51 Ga. App. 782, 783 (3) (181 SE 678) (1935); *Parsons v. Grant*, 95 Ga. App. 431, 436 (3) (98 SE2d 219) (1957); *Davis v. State*, 167 Ga. App. 701, 702 (1) (307 SE2d 272) (1983).

4. Appellants contend that appellee's testimony as to the value of his vehicle was without the proper foundation and had no probative value.

"The owner of property is considered to be qualified to state his opinion as to value. [Cits.] 'Opinion evidence as to the value of an item, in order to have probative value, must be based upon a foundation that the witness has some knowledge, experience or familiarity with the value of the property . . . or similar property and he must give reasons for the value assessed and also must have had an opportunity for forming a correct opinion.' [Cit.]" *Shadowood Assoc. v. Kirk*, 170 Ga. App. 209, 211 (3) (316 SE2d 487) (1984). See OCGA § 24-9-66. Appellee related his knowledge and familiarity with classic

type vehicles, described the condition of the vehicle and introduced photographs of the damage to the vehicle. Having given the basis for his opinion, the weight and credibility of the testimony was for the jury. *Burch v. Lawrence*, 150 Ga. App. 351, 352 (258 SE2d 35) (1979). Since the witness had an opportunity for forming a correct opinion, the evidence was sufficient for the jury's consideration. See *Johnson v. Rooks*, 116 Ga. App. 394, 397 (1) (157 SE2d 527) (1967); *Valley Coaches v. Streett*, 160 Ga. App. 25 (286 SE2d 313) (1981). See also *Kaplan v. Clark Co.*, 149 Ga. App. 780 (1) (256 SE2d 55) (1979).

5. Appellants contend that the jury's award of $3,800 for breach of contract and $6,000 for fraud constitutes impermissible double damages. Although appellants did not object to the form of the verdict when it was returned, providing an opportunity for correction while the jury was still empaneled, they may still raise this issue on appeal. *Preferred Risk Ins. Co. v. Boykin*, 174 Ga. App. 269, 277 (10) (329 SE2d 900) (1985) reversed an award of exemplary damages, holding: "This result obtains even though the parties failed to object to the form of the verdict when it was returned, since the award . . . was improper as a matter of law." Accord *Chrysler Corp. v. Marinari*, 177 Ga. App. 304, 306 (1) (339 SE2d 343) (1985).

In order to put this issue into its proper perspective we consider the two counts of the counterclaim as amended, one for breach of contract, the other for fraud.

The first count (contract) set forth: appellants agreed that appellee's Bentley would be completely restored mechanically within approximately three months and would be garaged, protected and under cover during the time Long had it in his possession. Long represented to appellee that repairs were in progress and pursuant to the representation appellee forwarded $3,000 to Ferretti to obtain engine parts. In February 1982 appellee discovered appellants had breached the contract by failing to keep appellee's car under cover and garaged, by failing to overhaul the engine and mechanical systems properly, by failing to repair the car within the time agreed, and by failing to perform the contract.

The fraud count alleged: in order to procure his business, appellants represented to appellee that the vehicle would be repaired and restored within a three-month period, that the repairs would be accomplished in a competent manner, and that appellants would keep the car garaged during the entire time it was in their possession. In order to induce appellee to advance $3,000 appellants represented that the car would be completely overhauled within a short time upon the immediate purchase of certain parts. Long represented that the car's generator was overhauled and a particular radiator went with the vehicle. All the representations were false when made, known to be false by appellants and were made for the sole purpose of inducing

appellee *to remit money and rely thereon.*

Where one is induced to enter into a contract by fraud, the defrauded party has an election either to affirm the contract and sue for damage resulting from the fraud or rescind the contract. *Price v. Mitchell,* 154 Ga. App. 523, 524 (268 SE2d 743) (1980); *Wilhite v. Mays,* 239 Ga. 31 (235 SE2d 532) (1977). One can pursue any number of inconsistent remedies prior to formulation and entry of judgment. *UIV Corp. v. Oswald,* 139 Ga. App. 697, 698 (229 SE2d 512) (1976). Thus, appellee was not required to elect his remedy prior to the submission of his case to the jury but would have to do so if inconsistent verdicts had been rendered. *Rosenberg v. Mossman,* 140 Ga. App. 694, 697 (231 SE2d 417) (1976); *Waller v. Scheer,* 175 Ga. App. 1, 5 (3) (332 SE2d 293) (1985).

Here appellee could not recover for both breach of contract and fraud if the fraud related purely to the inducement to enter into the contract. However, there were allegations and proof regarding fraud in obtaining money from the appellee. This involved matters other than those connected with obtaining appellee's agreement to enter into the contract. Damages for that reason would not be duplicative of those for breach of contract. It is not clear that this is what happened. However, since a jury verdict should be sustained if possible, *Georgia Farm &c. Ins. Co. v. Collins,* 161 Ga. App. 149, 150 (2) (288 SE2d 106) (1982), an appellate court will construe the evidence and every presumption and inference in favor of the verdict. *Gilman Paper Co. v. James,* 235 Ga. 348, 350 (219 SE2d 447) (1975).

Since the damages here were not on their face improper as a matter of law, compare *Anthony v. Anthony,* 143 Ga. App. 691, 695 (240 SE2d 167) (1977), and appellants did not object regarding the imposition of double damages to the form of the verdict or after the verdict was returned (which might have clarified whether there were duplicate damages), see *Kelley v. Austell Bldg. Supply,* 164 Ga. App. 322, 324 (1) (297 SE2d 292) (1982), this enumeration of error reveals no reversible error.

6. Appellants contend there was no evidence to sustain the award of attorney fees because the attorney who testified, based on records kept by appellee's former attorney, failed to testify the fees were reasonable and in addition considered time spent on other litigation.

Appellant's reference to the record fails to reveal that any expenses other than those connected with the instant case were considered.

The attorney testified that the appellee was charged at the bottom of the rate range of the prevailing attorney fees in the county and that the hours expended were within the range of the reasonable number of hours which would have been utilized to prepare the case. This was sufficient evidence of the reasonableness of the attorney

fees. Compare *First Bank of Clayton County v. Dollar*, 159 Ga. App. 815, 817 (4) (285 SE2d 203) (1981).

*Judgment affirmed. Deen, P. J., concurs. Benham, J., concurs in the judgment only.*

DECIDED MARCH 12, 1987 —
REHEARING DENIED MARCH 30, 1987 — 

*Eugene Novy, Penelope W. Rumsey*, for appellants.
*Richard E. Johnson, Noel H. Benedict*, for appellee.