WELCH *et al. v.* STIPE.

1. A witness who is not an expert upon the subject of insanity cannot testify to an opinion that a given person was insane, without stating the facts upon which this opinion is based. Even a mother will not be permitted to testify that her deceased daughter was of unsound mind, although it appeared from other evidence that the two had lived together during the entire lifetime of the daughter, the mother herself not giving any reason whatever arising from their relationship or the long association between them, or stating any fact upon which her opinion as to the daughter's mental condition was based.

2. The evidence was sufficient to warrant the verdict, and no reason appears why this court should overrule the discretion of the trial judge in refusing to grant a new trial.

April 15, 1895. Brought forward from the last term. Code, §4271(a-c).

Appeal. Before Judge HARRIS. Campbell superior court. February term, 1894.

DORSEY, BREWSTER & HOWELL and W. A. TURNER, for plaintiffs in error.

L. S. ROAN and J. F. GOLIGHTLY, *contra.*

ATKINSON, Justice.

The questions made in this case arose upon the trial of a caveat filed to the probate of a will. A verdict was rendered sustaining the will. The caveators moved for a new trial, upon the general grounds that the verdict was contrary to law, evidence, etc., and upon the ground that the court, upon objection to its competency, excluded certain testimony of one of the witnesses offered by the caveators, the testimony offered and repelled being that of the mother of the testatrix, she testifying: "I do not think she had her mind at all times" (referring to the testatrix). "I do not think Mary's mental condition was right all the time. I was not with her when she made the will, but do not think

she was in her right mind." The objection to the competency of such testimony was, that it was an expression of opinion as to the mental condition of the testatrix, and that the witness gave no facts upon which the opinion was based. The court overruled and denied the motion for a new trial, and we are now to consider whether its judgment is in accordance with law. It is necessary to a fair consideration of the court's ruling excluding the evidence objected to, to state that the witness whose testimony was repelled was the mother of the testatrix, that the latter was about forty years of age, and it was shown by the testimony of certain witnesses, but not by that of the mother, that the testatrix had lived with her mother all of her life.

We understand the rule to be, that with respect to the opinions of non-expert witnesses, they are admissible in evidence where the question under consideration is one of opinion, and where such witnesses state the facts and circumstances upon which the opinions expressed by them in their testimony are predicated. The probative value of all opinions is ultimately a matter which the jury must determine for itself; but whether an opinion is so far supported by the actual existence of circumstances which lead to its formation as entitles it to be considered at all, is a question of law which the courts must determine. A bare opinion of a non-expert witness, without detailing the circumstances and facts upon which it is predicated, if permitted to go to the jury, would amount virtually to a substitution of the opinion of the witness for the opinion of the jury; and it is the mental conclusions of the latter, and not of the former, which are invoked by courts to assist them in arriving at correct conclusions with respect to matters of fact which they are called upon to consider. Before the opinion of a non-expert witness can be considered, it must appear not only that the witness had the op-

portunity of learning the facts upon which the opinion is predicated, but it must appear that the opinion was in fact based upon the facts and circumstances so ascertained, and not upon bare conjecture; and, in addition to this, it must appear that the witness, in the expression of the opinion, speaks with reference to the facts upon which it is predicated. Hence, whatever opinion a non-expert witness might be willing to express, such opinion cannot be received unless it appears that it is based upon some knowledge of the matter out of which the mental conclusion of the witness arose, and that in the deliverance of the opinion, he speaks with reference to such knowledge as the basis of its formation. The parent of this testatrix doubtless had an admirable opportunity to form a correct estimate as to the mental condition of her daughter. A long life spent in close and intimate association with her would have enabled her to observe all her eccentricities of habit and thought. If she had stated the extent of her observations, detailed any of the peculiarities, mental or otherwise, of her daughter, and placed the opinion which she did express upon such observations, then it would have been competent—its reasonableness to be judged of by the jury. If, without stating any of the minor incidents which came under her observation during the long association with her daughter, she had stated the fact of such association and distinctly referred her opinion to that for its basis, by saying that it was her opinion, derived from such association, that her daughter was of unsound mind, such opinion might have been competent. But where she neither states the facts coming under her observation, nor states that the opinion expressed is the result of such observation, there is no possible theory upon which it can be received in evidence. The mere fact that other witnesses, in the progress of the cause, might have stated facts which were

within the knowledge of the mother and which might have served as a basis for an opinion by the latter, would not make such an opinion admissible, it not appearing that the mother, in the expression of the opinion, spoke with reference to, or based the opinion expressed upon, such facts thus detailed. Of course, if she herself be without knowledge of the existence of the facts detailed by the other witnesses, she would not be entitled to express an opinion of her own based upon the facts thus recited, for the effect of that would be to change the whole character of her testimony from that of a non-expert to that of an expert witness; and there is no foundation laid for the expression of an opinion by her as an expert witness, admitting even that the question involved such matters of science, trade or art as authorized the acceptance of an opinion by experts. The opinion is admissible in connection with a general assignment of reasons for its formation, in order to give effect to those impressions made upon the mind of a witness resulting from observation, but which are incapable otherwise of exact expression or definition. Those impressions which we feel, the existence of which we realize, but for the existence of which we are unable to assign a perfectly clear and logical reason, when supported by the facts upon which they are based, may be submitted to the jury, and they are to judge to what extent the opinion is well founded. In cases like the one under consideration, it must appear that the witness not only had opportunities to observe the circumstances which are the basis of any opinion which she might have formed upon the subject, but it must likewise appear that the opinion represents the mental result of such observation. It is one thing to have the opportunity by observation to have formed an opinion, and quite another to express an opinion based upon such observation. If no foundation for an opinion is stated, then no standard is established by which

the jury can judge of its reasonableness, and there being no means by which the jury could tell whether it was reasonable or unreasonable, it should not be submitted for their consideration. We think, therefore, the court properly excluded the opinion offered. 111 U. S. 612; 95 U. S. 232.

The only other exception is, that the verdict is contrary to the evidence. It would serve no profitable purpose to state here *in extenso* the evidence submitted for the respective parties in the trial of this case. We have carefully and critically examined it with a view of determining what should have been its just and appropriate probative force. We find that the verdict is amply supported by the evidence in the case, and we have no disposition, therefore, to disturb it. We are the more readily persuaded to this conclusion by the assurance that the eminent circuit judge who presided upon the trial of this case, after his usual painstaking and careful review of the verdict, has seen proper, in his discretion, to approve the finding of the jury.

Let the judgment of the court below be    *Affirmed.*