### COOPER, receiver, v. LAZARUS.

There is upon the bill of exceptions no entry showing that the same was ever filed in the office of the clerk of the trial court. The clerk certifies that he has no recollection that the paper was filed in his office within the time required by law. A mandamus proceeding was instituted in the trial court against the clerk to compel him to indorse an entry of filing upon the paper, showing that it was filed within due time; and final judgment has been rendered in such proceeding, in favor of the clerk. The case was called in the Supreme Court for final disposition, at a time to which it had been regularly postponed under the law; and it was held that the writ of error must be dismissed.

Submitted April 5,—Decided May 10, 1904.

Motion to dismiss the writ of error.

*Hardeman, Davis, Turner & Jones* and *Steed & Ryals,* for plaintiff in error. *John R. L. Smith,* contra.

COBB, J. The bill of exceptions was certified on June 13, 1903. It was filed in the office of the clerk of the Supreme Court on August 5, and was placed on the docket of the October term. No entry of filing in the office of the clerk of the superior court appears on the bill of exceptions. The clerk certifies that he can

not recall ever having heard of the bill of exceptions until the 29th day of July, when it was found in his office among the papers in the case, with no backing to indicate what it was, and nothing to show that it had ever been filed in his office. On August 10, the plaintiff in error made an application to this court for a mandamus against the clerk to compel him to mark the bill of exceptions filed as of June 15, it being alleged that it was actually filed on that date.    Upon this application a mandamus nisi was issued against the clerk, returnable to the October term.    The clerk filed an answer, in which he denied that the bill of exceptions was filed on the date above mentioned, or on any other date within the time allowed by law for the filing of the same.    The ruling of the court on this application is contained in the headnotes in *Cooper* v. *Nisbet*, 118 *Ga.* 872, and need not be repeated here.    In accordance with the ruling then made, an order was passed on October 31, dismissing the application for mandamus, and directing the clerk of this court to transmit to the superior court of Bibb county the original bill of exceptions, in order that such appropriate proceedings might be had in that court as would be necessary to relieve the defects.    At the conclusion of this order appeared the following:    "It is further ordered that said bill of exceptions be returned to this court *before* the last day of the present term, or in default thereof the writ of error will be dismissed."    On October 5 a motion to dismiss the writ of error, on the ground that the bill of exceptions had never been filed in the office of the clerk of the superior court, was filed by the defendant in error.    When the case was reached on the call of the Macon circuit, it was postponed until a later day in the term, and finally passed to the heel of the docket.    Being thus placed among the cases in which oral argument could not be heard during the October term, it was heard by briefs both on the merits and on the motion to dismiss, such briefs being filed at the time required by the order of the court usually passed in reference to such cases. Thereafter, during the October term, application was made to strike, from the order passed on October 31, the words above quoted, which provided that unless the bill of exceptions was returned to this court before the last day of the October term the writ of error would be dismissed; it being alleged that the mandamus proceedings were still pending against the clerk in the

superior court; that a trial had been had, resulting in a verdict in favor of the clerk; that a new trial had been granted; that a second trial had been had, which also resulted in a verdict in favor of the clerk; that the judge had overruled a motion for a new trial; that the mandamus case was then pending in the Supreme Court on a bill of exceptions assigning error upon the refusal of the judge to grant a new trial; and that such mandamus case would not probably be disposed of before the adjournment of the October term. Upon the hearing of this application, an order was passed striking from the order of October 31 the words referred to; and it was further ordered, that, as briefs had been duly filed in the case, the same should stand upon the docket until the further order of the court; it being distinctly provided in the order that nothing therein should prejudice the right of the defendant in error to move, at the succeeding term or thereafter, to strike the case from the docket, nor the right of the plaintiff in error to make such motion in reference to the case as the court might have authority to entertain, in the event the plaintiff in error was finally successful in the mandamus proceeding against the clerk of the superior court. Argument on the mandamus case was, by special order, heard during the October term, but the case was not decided during that term. Such was the status of the matter when the court finally adjourned for the October term. On March 29 the judgment in the mandamus case was affirmed. *Cooper* v. *Nisbet*, 119 *Ga.* 752. And when the cases which had been passed to the heel of the docket of the October term were called for reargument during the March term, as provided in the order above referred to, the case was again submitted to the court upon the briefs filed; the defendant in error still insisting upon her motion to dismiss. It not appearing that the bill of exceptions had been filed in the office of the clerk of the trial court within the time required by law; and it being shown that the plaintiff in error has failed in the mandamus proceeding against the clerk to require an entry of filing to be placed upon the bill of exceptions, the writ of error must be

*Dismissed. All the Justices concur.*