28298, 28314.  FLOYD *v.* MORGAN *et al.;* and *vice versa.*

DECIDED APRIL 25, 1940.   REHEARING DENIED JUNE 17, 1940.

714

*Maddox & Griffin,* for plaintiff.

*Barry Wright, Jack Rogers,* for defendants.

FELTON, J. ■ It was not error to sustain the demurrer to the plea in abatement and dismiss it. It was held, in the case involving an alleged breach of the option contract, that the plaintiff was not entitled to recover. *Floyd* v. *Morgan,* 60 *Ga. App.* 496 (4 S. E. 2d, 91). The above suit was simply the effort to pursue a mistaken remedy, and is not a bar to the present action. It is not a recommencing of the same suit. 20 C. J. 18, 21, §§ 12, 17. *Board of Education of Glynn County* v. *Day,* 128 *Ga.* 156, 167 (57 S. E. 359); *Hawthorne* v. *Pope,* 51 *Ga. App.* 498, 500 (180 S. E. 920); *Kennedy* v. *Manry,* 6 *Ga. App.* 816, 818 (66 S. E.

29); *Puett* v. *Edwards,* 17 *Ga. App.* 645, 647 (88 S. E. 36); *Rowland* v. *Kell Co.,* 27 *Ga. App.* 107, 114 (107 S. E. 602); *Sparks* v. *Fort,* 29 *Ga. App.* 531, 537 (116 S. E. 227); *Curry* v. *Washington National Insurance Co.,* 56 *Ga. App.* 809, 811 (194 S. E. 825); Wm. W. Bierce Ltd. *v.* Hutchins, 205 U. S. 340, 347 (27 Sup. Ct. 524, 51 L. ed. 828).

■ It was not error to overrule the demurrer to the answer of Morgan. It would not be material whether the plaintiff did or did not have the property described in the option. If the allegations of the petition are true, the defendant would be liable. If he was unwilling to buy under the option, his course would have been simply to refuse to buy, and the plaintiff's failure to be in position to deliver would not justify the acts alleged to have been committed by the defendant.

■ The allegations of conspiracy were good as against the demurrers of the defendants. *Young* v. *Wilson,* 183 *Ga.* 59 (187 S. E. 44).

■ The petition was not subject to demurrer in that it alleged no measure of damages. It sufficiently alleged what the plaintiff's business was, that it was lost by reason of the defendant's fraudulent conduct, and its reasonable value. It is not incumbent upon the plaintiff to allege the evidence by which he intends to establish his allegations.

■ The petition set forth a cause of action against both defendants. While it is true that generally there is no liability for a false promissory statement, it is also true that "When a promise is made with no intention of performance, and for the very purpose of accomplishing a fraud, it is a most apt and effectual means to that end, and the victim has a remedy by action or defense." Goodwin *v.* Horne, 60 N. H. 485. See *Coral Gables Cor.* v. *Hamilton,* 168 *Ga.* 182 (147 S. E. 494), and cit.; notes in 68 A. L. R. 637, 91 A. L. R. 1295. Moreover, "the state of a man's mind is as much a fact as the state of his digestion." 3 Restatement of the Law of Torts, 69, § 530. "One who fraudulently misrepresents to another that he or a third person intends to do or not to do a particular thing is subject to a liability under the conditions stated in § 525." Id. § 530. "One who fraudulently makes a misrepresentation of fact, opinion, *intention* or law for the purpose of inducing another to act or refrain from action in reliance thereon

in a business transaction is liable to the other for the harm caused to him by his justifiable reliance upon the misrepresentation." Id. 59, § 525. "A fact is material if (a) its existence or non-existence is a matter to which a reasonable man would attach importance in determining his choice or action in the transaction in question, or (b) the maker of the representation knows that its recipient is likely to regard that fact as important although a reasonable man would not so regard it." Id. 86, § 538. "The recipient in a business transaction of a fraudulent misrepresentation of intention is justified in relying thereon if the existence of the intention is material and the recipient has reason to believe that it will be carried out." Id. 101, § 544. Under comment (b) it is stated: "So, too, the holder of an option is justified in regarding the constantly reiterated statements of a prospective purchaser that he intends to buy property covered by the option as soon as minor questions are settled as sufficiently material to justify the holder in refraining from offering the option to other possible purchasers until its near expiration has made it impossible for him to dispose of it." It is clear, under the allegations of the petition, that the statement of intention was material, that the recipient had a right to rely on it, and that such reliance and action upon it resulted in injury to him. It would not be material that the plaintiff resigned, and that Morgan Jr. was appointed agent, if the practical result was the same as could have been accomplished by a transfer of the agency with the company's consent. It was error to sustain the demurrers and to dismiss the action.

*Judgment reversed on the main bill of exceptions, and affirmed on the cross-bill. Stephens, P. J., and Sutton, J., concur.*