LIVINGSTON *v.* BARNETT.

No. 13977.   February 13, 1942.   Rehearing denied March 17, 1942.

642

*Robert B. Short* and *James Salter,* for plaintiff in error.
*Farkas & Burt,* contra.

BELL, Justice.   (After stating the foregoing facts.)

Generally the parties will be referred to herein merely as plaintiff and defendant as they appeared in the court below, although they have exchanged positions in this court.

In the state of the record, there is nothing to be reviewed in reference to the demurrers.  A general and special demurrer to the petition was overruled, and the defendant excepted pendente lite. Later the petition was amended in material respects.  The defendant renewed her original demurrer, and also demurred generally and specially to the petition as amended.  The rulings were again adverse to the defendant, but no further exceptions were taken. In the circumstances, the exceptions pendente lite to the first ruling

on demurrer and the assignment of error based on such exceptions present only a moot question. A demurrer to an original petition does not, without more, cover the petition after it has been amended in material respects; but in such case the demurrer should be renewed if it is still relied on. Code, § 81-1312; *Powell* v. *Cheshire,* 70 *Ga.* 357 (2, b) (48 Am. R. 572); *Howard* v. *Allgood,* 143 *Ga.* 550 (1, b) (85 S. E. 757); *General Accident, Fire & Life Assurance Corporation* v. *Way,* 20 *Ga. App.* 106 (2) (92 S. E. 650); *Postal Telegraph Cable Co.* v. *Schaefer Cotton Co.,* 21 *Ga. App.* 729 (94 S. E. 910); *Smith* v. *Dalton Ice Co.,* 45 *Ga. App.* 447 (165 S. E. 144). While the defendant here did renew her original demurrer, as well as file an entirely new demurrer attacking the petition as amended, these further steps can not aid her in this connection, since she presented no exceptions to the additional adverse rulings. Not only this, but the subsequent rulings, not having been excepted to, became the final law of the case as related to the demurrers; and for this additional reason the exceptions to the original order must be treated as presenting only a moot question. In other words, whatever merit, if any, these exceptions might have had originally, they were superseded by the subsequent proceedings, and a decision thereon would be of no benefit to either party. Accordingly, no decision or ruling will be made on such exceptions. Compare *Folsom* v. *Howell,* 94 *Ga.* 112 (21 S. E. 136); *Tingle* v. *Maddox,* 186 *Ga.* 757 (2) (198 S. E. 722); *Green* v. *Spires,* 189 *Ga.* 719, 721 (7 S. E. 2d, 246); *Jones* v. *Butler,* 191 *Ga.* 126 (12 S. E. 2d, 326).

Nothing said above is intended to imply that the petition either before or after amendment was in fact subject to demurrer, as contended by the plaintiff in error.

■ In view of what has been said in the preceding division, the petition as amended must be treated as stating a cause of action, and the particular parts of it that were separately challenged by demurrer are to be taken as pertinent and sufficient, as against the attacks made.

This brings us to the question of whether the court erred in refusing a new trial.

In addition to the original briefs filed for the parties respectively and a reply brief for the defendant in error, supplemental briefs were submitted for both the parties in relation to specific questions, suggested by this court.

We have carefully considered all of these briefs and the authorities cited in each, although, in the view which we finally take, it may seem to counsel that our suggestion as to additional briefs was unnecessary. It is the desire of this court, however, to have all the light possible before reaching a conclusion in any case, and it was in this approach that the supplemental briefs were invited.

Regarding the motion for a new trial, we shall deal first with the exceptions to the rulings on admission of evidence, the grounds of the motion being referred to herein according to the numbering in the amendment.

In ground 1 the movant complained of the admission of testimony of the plaintiff that the following statements were made to him by Dan Miller (alleged agent of the defendant): "I want you to furnish the money. I want to go in business with you, and we can make plenty of money. I want to go in business with you. I can make plenty of money for you and me too;" the objection urged at the time being that the evidence related to mere conclusions of Dan Miller, and to representations on his part as to "matters and things to occur in the future." The evidence tended to prove the case as laid, and was not objectionable for any reason stated. *Kelly* v. *Strouse,* 116 *Ga.* 872 (2) (43 S. E. 280); *Coral Gables Corporation* v. *Hamilton,* 168 *Ga.* 182 (8) (147 S. E. 494); *Cook County* v. *Thornhill Wagon Co.,* 189 *Ga.* 360 (2) (5 S. E. 2d, 881); *Floyd* v. *Morgan,* 62 *Ga. App.* 711 (5), 715 (9 S. E. 2d, 717).

The evidence referred to in ground 9 tended also to prove one of the allegations of the petition, and was not inadmissible for the reasons urged. In *Kelly* v. *Strouse,* supra, it was stated: "It is not error to refuse to rule out evidence tending to support the allegations of a petition, irrespectively of the question whether the petition is good in substance or not, or whether the evidence when admitted establishes a right to recover."

In ground 2 it was insisted that the court erred in admitting the following testimony of a named witness for the plaintiff, in reference to the plaintiff's mental condition: "In 1939, I would say he was not normal, he was not what he had been. About this time I think he was abnormal." The witness gave no facts as basis for this statement, except that he had known Mr. Barnett for about thirty years. The evidence was objected to as being a mere con-

clusion of the witness. Manifestly it *was* a conclusion only, and the objection should have been sustained, the long acquaintance without more being insufficient as a basis for such conclusion. *Welch* v. *Stipe,* 95 *Ga.* 762 (22 S. E. 670) ; *Credille* v. *Credille,* 131 *Ga.* 40, 42 (61 S. E. 1042) ; *Jenkins* v. *Lane,* 154 *Ga.* 454 (5), 479 (115 S. E. 126). Whether this error alone would require a new trial under the whole record is not decided, since, as will be seen later, a new trial must be ordered for other reasons.

The remaining six grounds complaining of the admission of evidence over stated objections do not show error. In each of these grounds it appears that the evidence to which the defendant objected related to the conduct, appearance, or statements of the plaintiff, and were offered for the purpose of showing subnormal mental capacity. In substance, the objections urged were that the evidence was insufficient for the purpose for which it was offered, did not show incapacity to contract, and was irrelevant. Again, it may be said that the evidence was relevant as tending to support some of the allegations of the petition, and was not objectionable for any reason assigned. The mere circumstance that certain evidence may within itself fall short of proving a fact which the party offering it seeks to establish is not a sufficient reason for excluding it. Unless otherwise objectionable, it should be admitted, even though it may *only tend* to prove the matter in issue. *Causey* v. *Wiley,* 27 *Ga.* 444; *Nugent* v. *Watkins,* 129 *Ga.* 382 (2) (58 S. E. 888) ; 22 C. J. 164, § 91; 20 Am. Jur. 245, § 252.

Except as stated above in reference to ground 2, there is no merit in any of the assignments of error relating to the admission of evidence.

■ Of the sixteen grounds of the motion assigning error on the charge of the court, eight are clearly without merit; and only as to the other eight, to wit, grounds 14, 15, 16, 18, 19, 21, 22, 23, do we deem discussion or more particular statement necessary.

In ground 14 the movant complained of the following charge: "I charge you, gentlemen of the jury, that fraud voids all contracts, and that a promise to do a certain thing for the benefit of the promisee, made to induce him to enter into a contract, or to purchase property, the promisee or purchaser earnestly believing that he would receive the benefits upon the carrying out of the promise by the promisor or seller, when at the time the promisor or seller

made the promise there was no intention on his part to fulfill it, but, on the contrary, the promise of the promisor or seller was made with the intention not to carry it out, and was made as a mere scheme or device to defraud the promisee or purchaser, is such a fraud that it will void the contract induced thereby, and will authorize a rescission of the contract of purchase and entitle the purchaser to recover the purchase-price for said property." This charge was, in effect, assigned as error for the reasons, among others, (1) that in stating that fraud voids all contracts it was too broad as applied to the particular case, in that it contained no exception or qualification as to written contracts, and (2) that it relieved the plaintiff of all duty of diligence to ascertain the terms of the deed or contract under consideration. Both of these exceptions were well taken. In *Gossett* v. *Wilder,* 46 *Ga. App.* 651 (7), 653 (168 S. E. 903), the now lamented Judge Guerry, speaking for the Court of Appeals, said: "As a general rule, fraud voids all contracts. This rule is not applied in its entirety and without reservation to written contracts, for the reason that misrepresentations and false statements will not be heard in contradiction of the terms of a valid written instrument, unless it should appear that the party signing the same has been induced to sign by a fraud, trickery, artifice, or emergency, happening at the time of such signing. One about to sign a written instrument can not rely blindly upon the representations of other parties as to its contents, and if, without an emergency or fraud inducing him not to read it, he signs without reading, he can not hold the other party responsible for his statements, though they be false." This was a correct statement of the law, based on previous decisions both by the Court of Appeals and by this court.

The Code declares that if a party, by reasonable diligence, could have had knowledge of the truth, equity will not relieve. § 37-211. Any misrepresentation, act, or artifice intended to deceive, and which does deceive another, is such a fraud as may authorize cancellation of a written contract; but, as this court has often held, a party to a contract who can read must read or show a legal excuse for not doing so, and ordinarily, if fraud is the excuse, it must be such fraud as prevents the party from reading. *Weaver* v. *Roberson,* 134 *Ga.* 149 (67 S. E. 662); *Dover* v. *Burns,* 186 *Ga.* 19 (196 S. E. 785); *Lewis* v. *Foy,* 189 *Ga.* 596 (6 S. E. 2d, 788).

The rule will generally apply to the grantee as well as the grantor in a deed of conveyance. *Sumner* v. *Sumner*, 121 *Ga.* 1 (5) (48 S. E. 727); *Union City Realty Co.* v. *Wright*, 138 *Ga.* 703 (3) (76 S. E. 35); *Browning* v. *Richardson*, 181 *Ga.* 413 (182 S. E. 516); *Karpas* v. *Candler*, 189 *Ga.* 711 (7 S. E. 2d, 243). According to some decisions, it seems that the rule may not apply with the same force to contracts of insurance. Whether this is because agreements of this nature are usually quite lengthy and so involved with exceptions and qualifications that it might be thought even a careful reading by a non-expert would not always disclose their full meaning, or because of the manner in which policies of insurance are customarily handled as between the insured and the insurance agent, or whether there may be some other reason, the present case, relating to a plain and unambiguous deed to land, is controlled by the decisions last above cited, and others like them which might be cited in the same connection. For cases involving insurance contracts, see *Caverly* v. *Stovall*, 134 *Ga.* 677 (68 S. E. 442); *Overland Southern Motor Co.* v. *Maryland Casualty Co.*, 147 *Ga.* 63 (92 S. E. 931); *Equitable Building & Loan Association* v. *Brady*, 171 *Ga.* 576 (156 S. E. 222); *Great American Indemnity Co.* v. *Southern Feed Stores Inc.*, 184 *Ga.* 560 (192 S. E. 1).

The plaintiff, the defendant in error here, also relies on the following law: "The negligence of the complaining party, preventing relief in equity, is that want of reasonable prudence, the absence of which would be a violation of legal duty. Relief may be granted even in cases of negligence by the complainant, if it appears that the other party has not been prejudiced thereby." Code, § 37-212. This section is a codification from the decision of this court in *Werner* v. *Rawson*, 89 *Ga.* 619 (15 S. E. 813), which is in like manner cited and relied on by the plaintiff. The *Werner* case involved mutual mistake, and not fraud, as was charged in the present case in the only count on which the jury made a finding. That the decision in that case and the section of the Code based thereon do not sustain the foregoing portion of the judge's charge should, as we think, become evident, when they are considered in connection with the later decision by this court in *Green* v. *Johnson*, 153 *Ga.* 738 (3) (113 S. E. 402), which also dealt with reformation as a remedy for mutual mistake, and in which certain distinctions were noted as between mutual mistake on the one

hand, and fraud alone or fraud and mistake on the other. In the latter decision, prepared by Mr. Justice Hines, and concurred in by all the Justices, it was said: "This court has held that where two contracting parties deal with each other at arm's length and on equal terms, and where there is no such confidential relation between them as to justify special confidence reposed by one in the other, a written instrument entered into between them can not be set aside upon the ground that the party seeking to be relieved was induced to enter in and sign the instrument in consequence of fraudulent representations as to its contents upon the part of the adverse party, when it appears that the party signing could read, that there was nothing to prevent him from reading the instrument, but that he did not do so, that there was no sufficient excuse for his failing to do so, but he signed after he had full opportunity to inform himself as to the terms of the instrument by reading it, but negligently omitted to read the same, when he could thus have informed himself of its contents. [Citations.]

"This doctrine has likewise been applied by this court to actions for reformation of instruments. On this subject this court has said: 'Equity will not reform a written contract because of mistake as to the contents of the writing on the part of the complaining party (who was able to read), and fraud of the other party which consists only in making false representations as to such contents, on which the complaining party relied as true because of confidence in the party making them; no fiduciary or confidential relation existing between the parties, and no sufficient excuse appearing why the complaining party did not read the contract.' *Weaver* v. *Roberson* [supra]. The above doctrine does not apply if the party seeking relief shows some good excuse for not reading the instrument. [Citations.]

"We do not think that this principle should be extended to cases in which it is sought to reform written instruments on the ground of mutual mistake of fact. It has been proclaimed and applied by this court only in cases where parties have sought to be relieved from their contracts, or have undertaken to have instruments reformed, on account of fraud perpetrated by one of the parties on the other."

While the *Werner* case was not among the cases cited in that decision, it is clear, from that and the other adjudications, that the decision in the *Werner* case has never been taken to mean that a

party may be excused from reading a contract as plain and simple as an ordinary deed, merely because of a false and fraudulent statement regarding its contents. Nor does the decision in *Kuniansky Inc.* v. *Ware,* 192 *Ga.* 488 (15 S. E. 2d, 783), have any such meaning; and the same is true of *Hamlin* v. *Johns,* 166 *Ga.* 880 (144 S. E. 659). Compare *Jossey* v. *Georgia Southern & Florida Railway Co.,* 109 *Ga.* 439, 447 (34 S. E. 664), distinguishing the *Werner* case.

While the petition in the instant case, which as stated above is to be treated as good against demurrer, alleged nothing directly as to diligence, this did not prevent the defendant from asserting negligence as a defense; and for this purpose she could rely solely on the plaintiff's evidence, provided the issue was affirmatively presented thereby. *Evans* v. *Josephine Mills,* 119 *Ga.* 448 (2) (46 S. E. 674). The evidence for the plaintiff did not demand a finding that his mental condition was such as to excuse him, and would have authorized the inference that his failure to read the deed and thus inform himself as to its contents amounted to negligence and to such negligence as would bar relief in equity. This conclusion accords with decisions in *Wood* v. *Cincinnati Safe & Lock Co.,* 96 *Ga.* 120 (22 S. E. 909), *McBride* v. *Macon Telegraph Publishing Co.,* 102 *Ga.* 422 (2) (30 S. E. 999), and similar cases, involving artifice to prevent reading. The charge here under consideration wholly ignored the issue as to negligence, and was erroneous as contended. It appears to have been based on division 8 of the syllabus in *Coral Gables Corporation* v. *Hamilton,* 168 *Ga.* 182 (147 S. E. 494) ; but, as we have said before several times, language used by the Supreme Court in deciding a case may be inappropriate for use by the trial judge in charging a jury. *Atlanta & West Point Railroad Co.* v. *Hudson,* 123 *Ga.* 108 (2) (51 S. E. 29) ; *Macon Railway & Light Co.* v. *Vining,* 123 *Ga.* 770 (2) (51 S. E. 719) ; *Smith* v. *State,* 179 *Ga.* 791, 793 (177 S. E. 711). In the *Coral Gables* case, the court was considering a petition and a demurrer, and the decision was manifestly not intended to rule out negligence as a possible defense.

Upon a strict grammatical construction of the instant charge, it may not have assumed the existence of any fact in issue, but its phraseology is such that it may have been so construed by the jury, especially as to reliance, and it might also have been argumentative

in some respects. The assignments of error do not clearly attack the charge on these grounds, at least not at any vulnerable point; and hence what is said in this connection is not decisive, but is intended to be cautionary and suggestive only.

In view of the preceding discussion, we do not deem it necessary to quote in this connection all of the charges which we have determined were erroneous, as insisted. They are shown in the statement preceding this opinion. The charge complained of in ground 15 did refer to ordinary care, but the language was such that the jury might have understood it to mean that mere fraudulent representations as to the contents of the instrument and reliance thereon by the plaintiff would place him in the position of exercising such care. This was error, in view of the particular facts of the case, as shown by the record. The same comment will apply in principle to the excerpts assigned as error in grounds 16 and 18. If the correctness of the construction we have placed upon these three charges were not otherwise clear, it would be made so by the following additional charge to which the movant excepted in ground 19: "Under the law of Georgia a deed is signed by the grantor, and is not required to be signed by the grantee or purchaser. If the grantor or seller promises and agrees to deliver a deed conveying certain and definite real estate according to her oral agreement with the grantee or purchaser, the grantee or purchaser has just expectation that there will be no change from the oral agreement." This charge tended to exclude all duty or diligence on the part of the plaintiff to examine the deed as offered to him, and was erroneous, as contended, under the principles above enunciated.

In ground 21 it was contended that the court erred in giving a stated charge on mutual mistake and *rescission*. This charge is quoted in full in the statement of facts preceding this opinion. Such charge was erroneous, as insisted, in that it submitted a theory not supported by evidence, to wit, mutual mistake; and it was apparently harmful, as the jury found in the plaintiff's favor for rescission.

In ground 23 the movant complained of an instruction on *reformation* for mutual mistake. As stated in division 5 above, no issue as to mutual mistake was presented by the evidence, and therefore the charge was subject to the exception taken on this

ground. It might have been harmless, however, as the jury made no finding on the second count, which alone sought the relief of reformation.

■ It is declared in the Code, § 37-710, that "Great inadequacy of consideration, joined with great disparity of mental ability in contracting a bargain, may justify equity in setting aside a sale or other contract." A charge evidently intended as an expression of this principle was assigned as error in ground 22. We have carefully examined the criticisms contained in this ground, and regard each of them as without merit. There was no exception on the ground that the charge as given did not employ the phrase "great inadequacy of consideration," as it appears in the Code, but submitted instead whether the price was "was far below[?] and out of proportion to the market value." Hence the correctness of the charge in this respect is not determined.

The special grounds of the motion for a new trial which are not discussed in this opinion are deemed without merit, under the assignments of error made.

As the judgment must be reversed upon other grounds, no ruling will be made upon the general grounds, as to the sufficiency of the evidence to support the verdict.

The defendant in error requested that a decision of this case be withheld pending final determination of a case subsequently arising in the court below, between the same parties, and involving the correctness of the entry of service as made by the sheriff on the bill of exceptions. Without intending to create a precedent, we have delayed decision for some time; but in view of the time limit on our jurisdiction (Code, § 2-3006; Ga. L. 1935, p. 162), we think it proper to dispose of the case at this time. See, in this connection, *Cooper* v. *Nisbet,* 118 *Ga.* 872 (45 S. E. 692) ; *Cooper* v. *Lazarus,* 119 *Ga.* 970 (47 S. E. 500). If the entry be incorrect and should result in damage, the defendant in error will not be remediless.

For the reasons stated in divisions 4 and 5, the judge erred in refusing a new trial.

*Judgment reversed. All the Justices concur.*