## 30088. FLOYD *v.* MORGAN.

SUTTON, J. Where one who has an agency agreement with an oil company for the sale of the company's products in a designated territory containing a provision that the agreement is personal to the agent, and can not be assigned without the consent of the company in writing first obtained, and that either party may terminate the agreement at any time, with or without cause, executes an option, whereby he contracts to transfer and assign said agency agreement to another upon the payment of the agreed price therefor within a stipulated time and thereafter is notified by the optionee that "he is anxious to get in and get started" and, acting on that statement as expressing an intention to exercise the option, without first obtaining the consent of the company to the proposed sale of the agency, he notifies the company that he has sold the business and asks to be checked out, and the company's auditor

thereafter checks him out, and the company thereupon contracts with the son of the optionee for the agency, and the optionor brings suit against the optionee for damages for fraud and deceit, alleging that the statement of the optionee that he was anxious to get in and get started was falsely and fraudulently made to deceive him and induce him to give up the agency, and that but for said alleged deception, he would not have given it up: *Held*, That consent of the company to an assignment of the agency agreement was a condition precedent to a sale of the agency, and assuming, but not deciding, that there might have been some slight evidence of fraud and deceit in the acts and conduct of the optionee, yet, since the optionor could not make a valid assignment of the agency agreement without the consent of the company, and the evidence showing not only that consent was not obtained, but that the company refused to give its consent, if the optionor resigned his agency with the company in reliance on any representation which the optionee may have made to him which would mean that the optionee would exercise the option to buy out the agency from the optionor, the optionor was the author of his own damage in not ascertaining whether or not the transfer of the agency would be approved by the company. Under the law and the evidence the court did not err in directing the verdict for the defendant, and in overruling the plaintiff's motion for new trial.

*Judgment affirmed. Stephens, P. J., and Felton, J., concur.*

DECIDED JULY 16, 1943.

*James Maddox,* for plaintiff.
*Barry Wright, Carlton Wright,* for defendant.