## 36099. HILL *v.* STEWART.

DECIDED APRIL 9, 1956—REHEARING DENIED APRIL 27, 1956.

*Clement E. Sutton, Harold F. Richards,* for plaintiff in error.
*Earle Norman,* contra.

NICHOLS, J. 1. This court, in the case of *Cosby* v. *Asher,* 74 *Ga. App.* 884, 886 (41 S. E. 2d 793), set forth the elements that must be present in a petition in order to set forth a cause of action for fraud and deceit. These elements are as follows: "(a) that the representations were made by the defendant; (b) that they were knowingly and with design false; (c) that they were made for the purpose and intent to deceive and defraud; (d) that they did deceive and defraud; (e) that they related to an existing or past fact; (f) that the party to whom the false statements were made did not know that they were false; (g) that he relied on their truth and suffered a loss." The petition in the present case alleges that, after the defendant had made certain false representations to the partnership that held the option from the plaintiff to purchase the timber on the land, and, after the defendant and the partnership (because of these false representations), entered into an oral agreement under which the partnership would purchase the timber from the defendant for a less price than the partnership would have had to pay for this timber under its option from the plaintiff; that the defendant and the partnership would continue to deal with the plaintiff as though the partnership intended to exercise its option.

The allegations of the petition are merely background and tend to show the reasoning (according to the petition) why the defendant was later guilty of fraud and deceit as to the plaintiff. It cannot be said that the plaintiff *acted* on these allegations and suffered a loss. See *Rogers* v. *Sinclair Refining Co.,* 49 *Ga. App.* 72 (174 S. E. 207).

The only allegations of fraud and deceit that the plaintiff could have acted on so as to bring the action within the provision of (g), above—"that he relied on their truth and suffered a loss" —are the allegations of the petition with reference to the day the option expired. These allegations are that the defendant informed the plaintiff that a member of the partnership would be in town to close the deal on that day, that the defendant told the plaintiff that one of the partners had to go to Savannah to raise a part of the money, and would be there to close the deal around four o'clock that afternoon, and the allegation that the

defendant told the plaintiff that the said partner must have had car trouble, but that he would be there in time to close the deal. The plaintiff contends that, if the defendant had not made these false representations to him, he could have raised the money to exercise his option before the same expired; but that, since he relied on the truth of these representations, he was unable to raise the money and his option expired.

There is no allegation in the petition that the partnership had any contact with the plaintiff after the alleged oral agreement was made between the defendant and the partnership to let partnership's option expire; and the only contact alleged between the plaintiff and the defendant was that which occurred on the day the option expired. The petition alleged in part that the plaintiff "was induced to believe that Wisham & Hall *would* arrive during the day and night that the option would expire." (Emphasis ours.) This shows that the "fraud and deceit" on which the plaintiff's action is based was as to a future event, and ordinarily an action will not lie for fraud and deceit under such circumstances; however, it has been held by this court that an action will lie when a false representation as to a future event is made when the person making such representation *knows* that such event will not take place; and in view of the allegations of knowledge on the part of the defendant in the present case that no member of the partnership would arrive, and did not intend to arrive, to exercise its option with the plaintiff, the petition was good as against the defendant's general demurrer. See *Floyd* v. *Morgan*, 62 *Ga. App.* 711 (9 S. E. 2d 717), and cases cited.

2. The defendant's special demurrer as to the measure of damages is without merit, inasmuch as the petition did show, in effect, that the measure of damages was the difference between the market value of the land including the timber, less the amount the plaintiff would have had to pay for the land or net, $19,390.

3. In view of what has been said in the first division of this opinion with reference to the allegations of the petition concerning the defendant's transactions with the partnership, the trial court did not err in overruling the defendant's special demurrers to such pleadings.

*Judgment affirmed. Quillian, J., concurs, and Felton, C. J., concurs specially.*

FELTON, C. J., concurring specially. I concur in the judgment of affirmance. However, it seems to me that the allegations of the petition show a great deal more than facts showing a liability for technical "fraud and deceit." The allegations show a malicious and unjustifiable interference with the plaintiff's right to make a contract and a scheme of fraud and concealment to conceal the wrong so as to produce injury. The overwhelming weight of authority is to the effect that "The act of maliciously inducing a person not enter into a contract with another, which he would otherwise have entered into, is actionable if damages result." 30 Am. Jur. 83, § 33; 86 C. J. S. 955, § 43; 99 A. L. R. 12 and subsequent annotations; *Braden* v. *Haas, Howell & Dodd,* 56 *Ga. App.* 342 (192 S. E. 508).