### 57788. McCRACKIN et al. v. CLAY et al.

BANKE, Judge.

This lawsuit arises from a dispute on a contract for the sale of land. At closing on the land sale contract, Mr. McCrackin, seller of the land, showed concern that social security supplemental income checks to him and his wife would be terminated if the land sale was completed. The purchaser of the land and her attorney, Mr. Clay, thereupon signed an agreement to the effect that if the checks were cancelled as a direct result of the land sale that they would be responsible for making such payments

during the lives of McCrackin and his wife. Upon receiving this agreement, McCrackin executed the deed for the land in question. After consummation of the land sale, McCrackin reported the sale to the United States Department of Health, Education and Welfare, Social Security Administration for Supplemental Social Security Income, and the monthly income was terminated. Appeal is from grant of summary judgment in favor of defendant Clay in McCrackin's suit to enforce the agreement to underwrite the loss of the supplemental social security income. *Held:*

The court properly granted summary judgment. The additional agreement was without consideration. "An agreement on the part of one to do what he is already legally bound to do is not a sufficient consideration for the promise of another." *Johnson v. Hinson,* 188 Ga. 639, 644 (4 SE2d 561) (1939); *Holliday & Co. v. Poole,* 77 Ga. 159 (1886). The only thing received by the purchaser as a result of the subsequent agreement was the seller's signature on the deed at closing. As this was already required by the land sale contract, the subsequent agreement was "a *nudum pactum* and void as having no consideration to support the promise." *Davis & Co. v. Morgan,* 117 Ga. 504, 505 (43 SE 732) (1903).

*Judgment affirmed. Deen, C. J., Quillian, P. J., Underwood and Carley, JJ., concur. Shulman, J., concurs in the judgment only. McMurray, P. J., Smith and Birdsong, JJ., dissent.*

SUBMITTED MAY 2, 1979 — DECIDED OCTOBER 16, 1979 —

*Robert F. Oliver,* for appellants.
*Dennis T. Cathey, Alex McLennan,* for appellees.

BIRDSONG, Judge, dissenting.

I must dissent. I do not agree with the statement of the majority that "as this was already required by the land sale contract, the subsequent agreement was a '*nudum pactum* and void as having no consideration to support the promise.' "

The sales contract of July 19, 1976 had the following parties: Julius McCrackin and Mrs. Frances "Tut" Woodruff. The warranty deed executed on August 7, 1976 had as its parties Julius McCrackin, grantor, and Tut's Skiers & Kite Fliers, Inc., grantee. The grantor and grantee in the warranty deed were different parties than those contained in the sales agreement. There was no merger of the sales contract and the warranty deed.

In my opinion, the grant of summary judgment was error for two reasons. First, there was a valuable consideration for the signing of the contract of August 7, 1976. (This contract guaranteed the continuation of monetary federal checks in the event the conveyance from appellant to Tut's Skiers & Kite Fliers, Inc. caused the appellant and his wife to lose them.) Appellant was under no obligation to sign the above named warranty deed as the parties to the sales agreement and the warranty deed were not the same; furthermore, appellee Clay had a monetary interest in the transaction, i.e., appellee Clay had an attorney fee of $770 if the sale was consummated.

It is undisputed by the depositions of the parties and witnesses that the agreement in question was put in writing before the deed was signed and if the agreement had not been signed, the deed would not have been signed; that the only reason appellant signed said deed was the fact that appellee Clay and Mrs. Woodruff signed an agreement to pay appellant and his wife the supplemental security in the event it was terminated by the government; and, that if Mrs. Woodruff and Clay had not signed it, Davis (attorney for appellant) would have advised the appellant not to sign the deed and he believed the appellant would have followed his advice.

Appellant McCrackin testified that the warranty deed was not signed during the discussing of the monthly checks and further that the agreement of August 7, 1976, immediately preceded the date of signing the warranty deed.

On August 7, 1976, the appellant was not required to sign a deed to the corporation of Mrs. Woodruff. The sales agreement did not contain the name of Mrs. Woodruff's corporation. A question of fact remained for the jury as to whether or not there was a consideration for signing the

agreement of August 7, 1976 by Mrs. Woodruff and appellee Clay. Code Ann. § 20-302 defines a valid consideration as follows: "A consideration is valid if any benefit accrues to him who makes the promise, or any injury to him who receives the promise." Even though the wife of appellant may have been a stranger to the consideration she may still maintain an action. Code Ann. § 20-306; *First Nat. Bank &c. Co. v. Roberts,* 187 Ga. 472 (2) (1 SE2d 12).

A jury may well conclude that appellee Clay and Mrs. Woodruff did in fact receive a benefit by the signing of the agreement; to wit: The signing of the warranty deed by appellant which would not have been signed without the agreement. The jury may also conclude that the appellant received an injury to him in that he signed a warranty deed and lost a monthly income by signing said deed. In my opinion, there was a valid consideration for the agreement in question. The fact that Clay's agreement agreed to assume lost social security supplemental payments because of transfer of the property to Mrs. Woodruff, rather than a corporation, does not remove the question of fact as to what Clay intended. Clay was the purchaser's attorney and knew that both the warranty deed and the security deed listed a corporation rather than Mrs. Woodruff. Clearly, it is a question of fact based upon Clay's knowledge of transfer to a corporation that he intended the promise to assume the lost payments to be effective upon transfer to that corporation or Mrs. Woodruff.

Secondly, the appellant sued in two counts. Count 1 was based upon the contractual agreement (the agreement of August 7, 1976); and Count 2 was for bad faith and fraud, asking for exemplary damages in the amount of $5,000 and $2,000 attorney fees.

Ordinarily, promises to perform some act in the future will not amount to fraud in legal acceptation. *Ely v. Stratoflex,* 132 Ga. App. 569 (208 SE2d 583); however, this court in *Hill v. Stewart,* 93 Ga. App. 792, 796 (92 SE2d 829) and *Floyd v. Morgan,* 62 Ga. App. 711, 715 (9 SE2d 717) held: " 'When a promise is made with no intention of performance, and for the very purpose of accomplishing a fraud, it is a most apt and effectual means to that end, and

the victim has a remedy by action or defense.' "

The appellee (an attorney) in his deposition stated that there was no consideration for the signing of the contract. The appellee, being a lawyer, a jury could decide that the appellee did in fact prepare a contract which he thought was without consideration for the purpose of effecting a fraud upon the appellant.

In my opinion, there were questions of fact to be decided by the jury and the granting of summary judgment to the appellee was error.

I respectfully dissent. I am authorized to state that Presiding Judge McMurray and Judge Smith join in this dissent.